THE PEOPLE *ex rel.* EMERY TOWNSEND *v.* J. B. HALLOWAY, JUDGE OF THE COUNTY COURT OF LAKE COUNTY, AND W. R. MATHEWS, CLERK OF THE SAME COURT.

APPEAL FROM AN ORDER OF A JUSTICE OF THE PEACE.—An appeal does not lie to the County Court from an order made by a Justice of the Peace, directing property alleged to have been stolen, and discovered and brought before the Justice by a peace officer, by virtue of a search warrant issued by the Justice, to be delivered to the owner.

MANDAMUS BY A COUNTY COURT.—If notice of appeal is given from an order of a Justice of the Peace directing stolen property to be delivered to the alleged owner, the County Court has no jurisdiction to compel, by writ of mandate, the Justice of the Peace to send up the appeal papers.

SAME.—In such cases the County Court can only inquire by the intervention of a Grand Jury whether a public offense has been committed in the county.

CERTIORARI to the Judge of the County Court of Lake County, and to the Clerk of the same Court.

The facts are stated in the opinion of the Court.

*Emery Townsend,* for Relator.

By the Court, CURREY, J.

The relator, Emery Townsend, as a Justice of the Peace of Lake County, and a magistrate having power to issue a warrant for the arrest of any person charged with a public offense, and also having authority to issue a search warrant directed to a peace officer, commanding him to search for personal property stolen or embezzled, and bring it before him (Laws 1861, p. 223, Secs. 102, 103, and p. 284, Secs. 642–645), did, in the month of January, 1864, upon proper complaint made before him, issue a search warrant in due form, having for its object the discovery of an article of personal property alleged to have been stolen. The warrant was duly executed and the property discovered and delivered to the magistrate. The grounds upon which the warrant was issued were controverted by one John J. Dean, from whose custody the property was taken, and thereupon the magistrate proceeded to take and reduce to writing the testimony of divers witnesses in relation to the subject of controversy; and such proceedings were had in the case that the magistrate ordered the property to be restored and delivered to the complainant upon the payment of the necessary expenses. Three days afterward the magistrate annexed together the depositions of the witnesses, duly certified by him, and the search warrant with the affidavit on which it was issued, and the return of the officer thereon, and the inventory taken of the property, and caused the same to be filed in the office of the Clerk of the County Court of said county, that they might be laid before that Court at its then next term.

Immediately after the decision of the magistrate was made for restoring and delivering the property to the complainant,

Dean by his counsel filed with the magistate a notice of appeal from this decision to the County Court, and tendered a bond on such appeal, which the magistrate refused to allow or approve, and he also refused to make any return on such appeal to the County Court.  On the 7th of March following, Dean applied to the County Court for an alternative writ of mandamus, which was allowed and issued, commanding the magistrate, on a day named, to file with the Clerk of the County Court of said county " all the papers necessary on the appeal of said cause," together with the property in controversy, or to show cause to the contrary before the County Judge on the day appointed.  This writ of mandamus was issued in aid of the supposed jurisdiction of the County Court in the premises.  The magistrate, in obedience to this writ, made a return to the appeal alleged to have been taken, and filed an answer to the writ of ·mandamus, and also deposited with the Clerk of the Court the property taken on the search warrant.  On the day following, the County Court, on the motion of counsel for Dean, rendered a judgment dismissing the proceedings which it was assumed were before the Court on the appeal, and for the return of the property in controversy to Dean, and also rendered a judgment in favor of Dean against the magistrate, Emery Townsend, in the mandamus proceeding, for ten dollars damages, and ten dollars and five cents costs ; and afterwards, in the month of April, an execution was issued on this judgment for damages and costs, and placed in the hands of the Sheriff.

The relator, by his petition, applied to this Court for a writ of certiorari, on the ground that the County Court, in rendering the judgment dismissing the proceedings instituted and had before the relator, as magistrate, and in ordering the property in controversy to be delivered to the said Dean, and in rendering judgment in favor of Dean, against him in the proceeding by mandamus, had exceeded its jurisdiction, and that the relator and the people of the State whom he represents are without other remedy in the premises.  The writ was granted and issued, and returned with the transcript required

on a day certain in the last July term of this Court, and was continued from that day to the October term, when it was argued and submitted.

The proceedings which were had and taken before the magistrate seem to have been conducted by him with a scrupulous observance of the requirements of the law in such cases, and when he had passed upon the case he made his return of the affidavit, the complaint, and the search warrant, with the return of the officer and the inventory of the property, together with the depositions of the several witnesses taken before him, duly certified, in conformity to the statute in such case made and provided, and caused the same to be filed with the Clerk of the proper Court. (Laws 1851, pp. 284–286.) These things being done, the duty of the magistrate was at an end, though that of the County Court which, under the amended Constitution and the statute, had at the time succeeded to the duties of the Court of Sessions, then had their inception, not as a Court of appeal having authority to review the judgment and proceedings of the magistrate, but as a Court of original jurisdiction, whose duty it was to inquire by the intervention of a Grand Jury of all public offenses committed and triable in Lake County. (Laws 1863, p. 337, Sec. 32.)

The granting of the writ of mandamus by the County Judge of Lake County and the judgment of the County Court of the same county, dismissing the proceedings instituted before the magistrate, and in ordering the property described in the complaint and search warrant to be delivered to said Dean, and in the giving of judgment in favor of said Dean against the relator Emery Townsend, for damages and costs, were *coram non judice*, and each of such acts were utterly void.

It is therefore ordered and adjudged that the action and proceedings of the County Court, of Lake County, granting the writ of mandamus, and in dismissing the proceedings instituted before Emery Townsend, as a magistrate of said county, which are hereinbefore mentioned and referred to,

and the order made restoring the property obtained on the search warrant and delivered to said magistrate, and the judgment rendered by said County Court in favor of said Dean against said Townsend for ten dollars damages, and ten dollars and five cents costs, be annulled and held for naught; and it is further ordered that the said Emery Townsend have and recover against the respondent, J. B. Halloway, judgment for his costs and disbursements in this behalf expended, to be taxed by the Clerk of this Court, and that he have execution therefor.