[Crim. No. 10102. First Dist., Div. One. Apr. 4, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES CHOCHOS, JR., Defendant and Appellant.

·Counsel

Raymond G. Agnew, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Herbert L. Ashby, Chief Assistant Attorney General, William E. James, Assistant Attorney General, and Robert R. Granucci, Deputy Attorney General, for Plaintiff and Respondent.

Opinion

SIMS, J.—Defendant was convicted by his plea of nolo contendere[1] of receiving stolen property in violation of section 496 of the Penal Code and of tampering with telephone equipment in violation of section 502.7 of the Penal Code. He was then sentenced to concurrent terms in state prison. He has purported to appeal[2] from so much of the judgment of conviction as encompasses an order made by the trial court, following the entry of his pleas, but before sentence, in proceedings previously instituted by the People under the provisions of subdivision (j) of section 1538.5 of the Penal Code.[3] At the preliminary hearing the magistrate

---

[1]The abstracts of judgment in the record reflect convictions "on his plea of not guilty by insanity," an obvious clerical error when compared with the reporter's transcript and the clerk's minutes.

[2]The notice of appeal recites: "You and each of you, will please take notice that defendant herein appeals to the District Court of Appeals of the State of California, First Appellate District, from the judgment entered in the above Superior Court on July 21, 1971, only as to that part of the said judgment affecting the Court's decision as it related to the Peoples' appeal on the adverse ruling from defendant's successful 1538.5 motion in Municipal Court. This appeal relates only to the 1538.5 motion in Municipal Court. This appeal relates only to the People obtaining a reversal of said Municipal Court judgment wherein the Honorable W. Howard Hartley, Judge of the Superior Court on June 23, 1971, made such reversal which became final judgment on July 21, 1971."

[3]Subdivision (j) of section 1538.5 of the Penal Code provides in pertinent part: "(j) If the property or evidence relates to a felony offense initiated by complaint and the defendant's motion for the return of the property or suppression of the evidence at the preliminary hearing is granted, and if the defendant is not held to answer at the preliminary hearing, the people may file a new complaint or seek an indictment after the preliminary hearing, and the ruling at the prior hearing shall not be binding in any subsequent proceeding. *If the property* or evidence *relates to a felony offense initiated by complaint* and the defendant's motion for the return or suppression of the property or evidence at the preliminary hearing is granted, and if the defendant

denied the defendant's motion to suppress with respect to 12 items of property which were received in evidence and which formed the basis of an 11-count information filed against him, including the two charges of which he stands convicted. Defendant has never challenged that portion of the original ruling of the magistrate. In the hearings which resulted in the order he seeks to have reviewed and in oral argument on appeal, he conceded that he had no right to appeal from his convictions as such. The items involved in the counts in the information were established to have been respectively objects named in a search warrant, or objects which were in plain sight which were of a suspicious nature—equipment from which serial numbers had been removed, in violation of the provisions of section 537e of the Penal Code[4]—or stolen property. No substantial evidence was offered at the preliminary hearing with respect to other items seized at the same time, and the magistrate granted the defendant's motion as to those items. The People then sought to overturn the latter part of the order by resort to proceedings under subdivision (j) of section 1538.5 (see fn. 3 above). The People were granted partial relief concerning certain articles which were identified as stolen property, and ultimately secured an order that all property, except that stipulated for release at the time the defendant entered his pleas, could be retained.

Defendant contends that the trial court had no jurisdiction to permit the People to relitigate de novo the validity of the seizure of those items of property suppressed or ordered returned by the magistrate because their motion was not timely. This contention is rebutted by the record, as augmented to show a timely request for such a hearing by the People. Defendant further attacks the merits of the trial court's ruling on the following grounds: (1) the search warrant is invalid in that it did not particularly (accurately) describe the property to be seized in the light of the allegations of the affidavit setting forth probable cause for the search; (2) that the search was unreasonably conducted in an exploratory manner; (3) that the officers improperly seized items of property other than those described

---

is held to answer at the preliminary hearing, the ruling at the preliminary hearing shall be binding upon the people unless, upon notice to the defendant and the court in which the preliminary hearing was held and upon the filing of an information, the people within 10 days after the preliminary hearing request in the superior court a special hearing, in which case the validity of the search or seizure shall be relitigated de novo on the basis of the evidence presented at the special hearing, . . ." (Italics added.)

[4]Section 537e of the Penal Code provides in part: "Any person who knowingly buys, sells, receives, disposes of, conceals, or has in his possession . . . any mechanical or electrical device, appliance, contrivance, material, piece of apparatus or equipment, from which the manufacturer's name plate, serial number or any other distinguishing number or identification mark has been removed, defaced, covered, altered or destroyed, is guilty of a misdemeanor."

in the warrant; and (4) that even though the officers reasonably could seize equipment from which serial numbers had been removed, there was no basis for the seizure of other items. The People meet defendant's arguments on the merits, and claim that the record supports the validity of the search and the reasonableness of the seizure of the articles discovered in the course of executing the warrant.

In response to an invitation from the court the parties have commented on the question of whether the provisions of subdivision (j) of section 1538.5 (see fn. 3 above) are applicable to the seizure of property which is not related to the felony offense or offenses initiated by the complaint and subsequently charged in the information.

The defendant asserts that the subdivision cannot apply to the property which did not directly relate to the felony offenses with which the defendant was charged, and that therefore the superior court, in these criminal proceedings, erroneously entertained the People's motion to overturn the ruling of the magistrate as to that property. He prays that "the magistrate's order should be reinstated and pursuant thereto all property [should be] returned to appellant except the items admitted as evidence or proven to be contraband."

The Attorney General asserts that all of the property related to the charges which were filed, because proof of its possession would furnish compelling evidence of defendant's guilty state of mind with respect to the items of property which were the basis for the charges which were expressly filed. Alternatively he points out that any impropriety in the seizure of that property does not affect the conceded legality of the seizure of the items of property upon which the charges were based, and that, therefore, defendant's conviction must be affirmed. He also contends that since by stipulation the property now retained was admitted to be stolen property, it cannot be returned to the defendant in any event.

If the order is collateral to, and in no way affects the convictions, it is questionable whether it can be reviewed under the provisions of subdivision (m) of section 1538.5.[5] Moreover the stipulation entered into at

---

[5]Subdivision (m) of section 1538.5 provides: "(m) The proceedings provided for in this section, Section 995, Section 1238, and Section 1466 shall constitute the sole and exclusive remedies prior to conviction to test the unreasonableness of a search or seizure where the person making the motion for the return of property or the suppression of evidence is a defendant in a criminal case *and the property* or thing *has been offered or will be offered as evidence against him.* A defendant may seek further review of the validity of a search or seizure on appeal from a conviction in a criminal case notwithstanding the fact that such judgment of conviction is predicated upon a plea of guilty. Such review on appeal may be obtained by the

the time the defendant entered his plea may have rendered the question moot.

It is concluded that under the circumstances of this case the attempts to seek the return or suppress the use as evidence of items which were not related to the charges filed against the defendant should have been prosecuted in separate proceedings; that the convictions should be affirmed; that the order complained of is not properly reviewable on an appeal from the conviction; and that insofar as the superior court otherwise had jurisdiction to review the seizure of the collateral items, the proceedings were rendered moot, prior to the hearing which led to the order complained of, by a prior order and stipulation.

 The purported appeal from the order of June 23, 1971, must be dismissed. It is proper, however, to vacate that order, without prejudice to the right of either the defendant or the People to further litigate, in other appropriate proceedings, the title to any of the articles seized which were not the subject of these proceedings or the subject of an interlocutory order releasing certain articles for use in other proceedings, and without prejudice to the right of the defendant, regardless of his title to any of such articles, to contest the search and seizure of any of such articles as may be used as the basis of other criminal charges against him.

On February 4, 1971 a senior security agent for the Pacific Telephone and Telegraph Company made and subscribed a declaration setting forth in detail facts which indicated that the accused was using a multi-frequency signal generator to secure unauthorized use of the company's communication facilities in violation of section 502.7 of the Penal Code.[6] A search

---

defendant *providing that at some stage of the proceedings prior to conviction he has moved for the return of property or the suppression of the evidence.*" (Italics added.)

[6]Section 502.7 of the Penal Code provides in pertinent part, "(a) A person who, knowingly, willfully and with intent to defraud a person providing telephone or telegraph service, avoids or attempts to avoid, or aids, abets or causes another to avoid the lawful charge, in whole or in part, for telephone or telegraph service by any of the following means is guilty of a misdemeanor: . . .

"(4) By rearranging, tampering with, or making connection with telephone or telegraph facilities or equipment, whether physically, electrically, acoustically, inductively or otherwise, or by using telephone or telegraph service with knowledge or reason to believe that such rearrangement, tampering or connection existed at the time of such use; or

"(5) . . . (e) If the total value of all telephone or telegraph services obtained in violation of this section aggregates over two hundred dollars ($200) within any period of twelve (12) consecutive months during the three years immediately prior to the time the indictment is found . . . a person guilty of such offense is punishable by imprisonment in the state prison not exceeding five years, or by imprisonment in the county jail not exceeding one year, or by fine not exceeding five thousand dollars ($5,000), or by both such fine and imprisonment."

warrant was issued authorizing search of his premises for "Tape recorded multi-frequency tones, equipment capable of producing multi-frequency tones, and all parts, wires and components with which the above described could be made and any equipment used to physically, electrically or acoustically connect with telephone or telephone lines and all parts thereof."

The warrant was executed on February 10, 1971 and the officers seized items of electronic equipment which were listed on 31 pages, which were later packed in 28 moving boxes measuring 24 inches on a side, and which were estimated to have a value of over $100,000.

Following the filing of a complaint in the municipal court, the defendant apparently made a motion to suppress the articles seized and listed on the return to the search warrant. In any event, on March 17, 1971, the matter came on for hearing on the defendant's motion to suppress the evidence and for preliminary examination. As a result of this hybrid hearing 12 articles were received in evidence: a blue box, a silver box with keyboard, and a stereo cassette tape recorder, which the court deemed within the equipment described in the search warrant; a watt meter, a porta-mobil radio unit, 3 walkie-talkies, and 2 page boy units, which the court found were properly seized because they were in plain sight without serial numbers in violation of section 537e of the Penal Code (see fn. 4 above); a container with four serial number plates which were obtained from the defendant's safe and appeared to relate to a possible violation of section 537e; and a dismantled Beratta gun which was also taken from the safe. The defendant stipulated that the evidence was sufficient to hold him to answer for all of the charges in the complaint, including an unproved burglary, but excepting the charge of possession of a firearm by a felon in violation of section 12021 of the Penal Code. The magistrate found that there was reasonable cause to hold the defendant to answer on all of the charges and made his order accordingly.

The district attorney's investigator who executed the search warrant testified that many of the items seized and listed on the 31-page return had serial numbers on them, and that most of the items were not equipment such as was described in the search warrant. The defendant requested that the court suppress and order the return of all items seized (apparently other than those received in evidence) which were not embraced within the description contained in the search warrant. The magistrate remarked that there had been no evidence presented to the court to support the seizure of any items other than those items offered in evidence. The deputy district attorney suggested that there were many other items which did not

have the required serial numbers and therefore indicated violations of Penal Code section 537e, and that a lot of other merchandise had been identified as taken or stolen or missing from other person's inventories. The magistrate then indicated that he could only rule on the motion on the basis of what was before him. Following the order holding the defendant to answer on the preliminary examination, the court made the following ruling: "Based upon the evidence before the Court, the motion is granted as to all items which have not been admitted into evidence." The hearing concluded with the court's refusal to draw any inferences of proper seizure from vague evidence referred to by the prosecution.

On March 29, 1971, within the period prescribed by law as extended by sections 12a and 12b of the Code of Civil Procedure, the People, pursuant to the provisions of subdivision (j) of section 1538.5 of the Penal Code (fn. 3 above), filed a request in the superior court for a special hearing to relitigate de novo the issues raised by defendant's motion for the return and suppression of evidence. On the same day an information was filed charging the defendant with three counts of receiving stolen property in violation of section 496 of the Penal Code as predicated on his possession respectively of the cassette tape recorder, the porta-mobil radio unit and the watt meter; with one count of burglary in violation of section 459 for the entry of an electronic firm from whom the watt meter had been stolen; with one count of possession of a firearm by a convicted felon in violation of section 12021 of the Penal Code; with one count of tampering with a telephone in violation of section 502.7; with five counts of possession of undesignated equipment with the serial numbers destroyed in violation of section 537e, apparently predicated upon the three walkie-talkies and two page boy units received in evidence at the preliminary hearing; and with a prior conviction of a felony.

On April 1, 1971, the defendant appeared, entered a plea of not guilty to each count and denied the prior conviction. The court set the People's motion for relitigation of the search and seizure issue for April 28, a pretrial conference for June 4, and a jury trial for June 14, 1971.

On April 28, 1971, when the matter came on for hearing before the superior court, the prosecutor conceded that the items which the magistrate had ordered suppressed did not relate to the property referred to in the information filed with the court. He indicated that some items were the basis of charges in an adjoining county, and that the People feared that the magistrate's ruling, if permitted to stand, would forestall the use of that evidence. He offered to prove that many items had the serial numbers removed, altered or taken off and that some had been replaced with false

serial numbers, and that representatives of a firm in the adjoining county had come to the premises during the search and had identified items as having been stolen from that firm. He conceded that he was not asking the court to reverse the magistrate's ruling with respect to items which did not have numbers missing, and offered to furnish a list of specific items (whether to be released or held is not clear). When it appeared that the items desired for the trial in the adjoining county had been segregated into one cardboard box, the court, with the consent of the defendant, ordered the release to the prosecutor of the articles, allegedly identified as stolen, without prejudice to the right of the defendant to make a motion to suppress and have a hearing on the merits of motion in that other county.[7] Both counsel having acceded to the court's suggestion that the motion might become moot as to the remaining items, further hearing was continued to May 26.

On that date the prosecution was unable to proceed because of the illness of the deputy who had been handling the case. The defendant indicated that the matter might be resolved by plea, and with his consent the pending motion was continued to be heard with the pretrial on June 4. The prosecutor was ordered to produce a witness requested by the defendant and to serve and file a brief no later than May 28.

The clerk's minutes reflect that when the matter was called for pretrial

---

[7]The court's order, signed and filed April 29, 1971, reads in pertinent part: "Upon hearing the statements of counsel and evidence submitted at the preliminary examination the court makes the following findings and orders:

"(1) that all items seized by the Redwood City Police Department at the defendant's residence on February 10, 1971 which have had the manufacturer's name plate, serial number or any other distinguishing number or identification number removed, defaced, covered, altered or destroyed were properly seized and that the motion to suppress production of such items shall be denied;

"(2) that all items of property identified by the owner as having been stolen from Elmar Electronics in Mt. View to the Police Department at the time of the seizure at his residence on February 10, 1971 was also properly seized and the motion to suppress production of such items shall be denied.

"The aforesaid orders are without prejudice to the rights of defendant to make any motions or objections respecting the production of such items in evidence in any other court and such orders are not intended to be binding upon any proceedings now taking place against defendant in the County of Santa Clara; said orders are also without prejudice to the rights of any of the parties hereto respecting appeal from any part or all of said orders. Proceedings herein on the People's motion pursuant to Section 1538.5(j) are continued for further hearing to May 26, 1971 at 2:00 P.M.

"The items aforementioned in Paragraph 1 hereof are separately listed in Exhibit 'A' attached hereto and made a part of by this reference; and the items in Paragraph 2 hereof are described in Exhibit 'B' attached hereto and made a part of by this reference.

"The exhibits previously offered in evidence at the preliminary examination were properly admitted." This order was approved as to form by defendant's attorney.

on June 4 it was continued to June 11 for change of plea. At that time the sixth count of the information was amended by stipulation to charge a felony, in that the defendant defrauded the telephone company of over $200 within a 12-month period by tampering with and making a connection with its equipment (§ 502.7, see fn. 6 above). Defendant then entered pleas of nolo contendere to that count and to the first count which charged him with receiving the cassette tape recorder as stolen property. The remaining counts were dismissed, and, as well, the charged prior conviction. The matter was continued to July 9 for a probation report. A stipulation was filed with the court in reference to the disposition of the property which was seized.

The stipulation which was signed by both the defendant and his attorney, as well as by the deputy district attorney, provides as follows: "IT IS HEREBY STIPULATED by counsel for the defendant and the People and the Defendant that all the property seized by the Redwood City Police Department and the San Mateo County District Attorney on or about February 10, 1971, from the defendant's home in Redwood City is stolen property and that the Defendant acknowledges that he knew it was stolen at the date of its seizure. The defendant hereby relinquishes any property interest he has in any of the seized property with the following exceptions: approximately 50 transformers, approximately 125 capacitators, and approximately 300 57.70 Nixie tubes—unless an Appellate Court at some time in the future specifically rules that any part of the seizure was illegal."

On June 16, 1971, the prosecutor gave notice that the People would seek further modification of the magistrate's order which had suppressed all of the evidence seized except that which related to the charges initiated by the complaint and was offered in evidence against the defendant. In points and authorities filed with the motion the prosecutor represented: "At the hearings on May 26, 1971, and June 4, 1971, in the Superior Court, the People presented no further evidence because at that time they believed that the defendant would plead guilty and agree that he give up his interest, if any, in the property seized. It has now become evident the defendant intends to appeal the validity of the seizure to the Court of Appeals, a fact which was not known to the People until June 11, 1971. Under these circumstances it is essential to the interests of the People that a proper record be available to the Appellate Court."

On June 23, 1971, at the hearing pursuant to the foregoing notice, the defendant objected to the court's jurisdiction to proceed on the grounds (1) that the order of April 28 had exhausted its powers, and (2) that by failure to regularly continue the motion on June 4, the court had lost

jurisdiction to proceed. The court examined the record and concluded that on April 28 the matter of the seizure of the remaining items had been properly reserved and continued for disposition, and that since that matter was undisposed of it should be heard despite the fact it had not been regularly continued on June 4.

The court on its own motion suggested that the stipulation of June 11 disposed of the matter. The prosecutor insisted that since the defendant reserved the right to secure an appellate court ruling that the property relinquished to the police was illegally seized, the matter was not moot. He construed section 1538.5 as giving the defendant the right to proceed by motion for the return of his property, even though the charges were dismissed; and he believed that the defendant, despite his plea to charges predicated on evidence which the defendant conceded was properly seized under the warrant, could have the 1538.5 ruling reviewed with respect to other property retained by the police.

The court decided to conclude the hearing as to the other items in the return to the search warrant. Testimony was elicited from two officers, the telephone company's security agent, and the defendant. At the conclusion of the hearing the court observed, "Well, I don't have the evidence before me, obviously, and apparently it's a house full of it. I am in no position to go over each and every item, I don't have anything in Court. About all I can do is, in general terms, is overrule Judge Seagraves at this time. [¶] I feel that the Police Department had reasonable cause to believe they were stolen and had the right to seize them and cause an investigation to be instituted to determine true ownership and bring whatever charges are proper as a result of that investigation." In response to the defendant's attorney's query, "You are ruling that all 31 pages were lawfully seized, apparently?", the court replied, "Yes, in general terms, that's about all I can do." The court ordered that no property on the list be disposed of by the police department for 30 days. The court further elaborated in response to a question from one of the officers, "Unidentified property in your possession, but is yet under investigation, you are not to dispose of that property. Anything that's been identified by an owner, you get a receipt for it with the proper showing of ownership, that's perfectly all right."

Thereafter, on July 21, 1971, after a continuance from July 9, the court considered the probation report, denied probation, and sentenced the defendant to concurrent terms in the state prison for the two offenses of which he had been convicted by his pleas of nolo contendere, with a recommendation that he be retained at the medical facility at Vacaville for psychiatric care and treatment as long as he could be benefited thereby. This appeal ensued (see fn. 2 above).

## I

Several orders and stipulations were made and entered in the proceedings attendant to defendant's conviction, and preliminarily it must be determined to what extent any of them may be reviewed in these proceedings. Under the provisions of subdivision (m) of section 1538.5 it is noted the proceedings referred to relate to property which has been offered or will be offered as evidence against a defendant in a criminal proceeding (see fn. 5 above). As far as this action is concerned the only property which the prosecution proposed to offer as evidence against the defendant were the 12 items received in evidence at the preliminary hearing. The defendant, although he entered a plea of not guilty, is entitled to appeal from his conviction provided that at some stage of the proceedings prior to conviction he moved for the return of the property, or the suppression of the evidence which formed the basis for the offenses of which he was convicted (§ 1538.5, subd. (m)). It is questionable, as noted below, whether such an appeal may be used to review orders which the magistrate or the trial court may make with respect to property which was only collaterally, and not directly, related to the offenses of which defendant was charged and convicted.

There is nothing in the record of the preliminary hearing or the record of other proceedings in the superior court to show that the defendant ever asserted that the search or seizure was unreasonable because the warrant was insufficient on its face, or that there was not probable cause for the issuance of the warrant. (See § 1538.5, subd. (a).)[8] Prior to the appeal it was never contended that the blue box and the silver box with the keyboard were illegally seized. Therefore, defendant's conviction of violation of section 502.7 of the Penal Code must be affirmed.

The defendant did assert that certain property and evidence obtained, in fact the bulk of it, was not that described in the warrant, and that the method of execution of the warrant violated federal and state constitutional standards. Insofar as his motion was directed to property or evidence related

---

[8]Subdivision (a) of section 1538.5 provides in pertinent part: "(a) A defendant may move for the return of property or to suppress as evidence any tangible or intangible thing obtained as a result of a search or seizure on either of the following grounds: . . . (2) The search or seizure with a warrant was unreasonable because (i) the warrant is insufficient on its face; (ii) the property or evidence obtained is not that described in the warrant; (iii) there was not probable cause for the issuance of the warrant; (iv) the method of execution of the warrant violated federal or state constitutional standards; or (v) there was any other violation of federal or state constitutional standards."

to the offenses which were charged in the complaint, it was properly made in the municipal court at the preliminary hearing (§ 1538.5, subd. (f)).[9]

On sufficient evidence the magistrate found that eight other items admitted in evidence at the preliminary hearing were either embraced in the description of equipment contained in the search warrant, or were properly seized because they were in plain sight without serial numbers in violation of section 537e. Two items were voluntarily surrendered by the defendant from his safe. The defendant stipulated that the evidence was sufficient to hold him to answer on all except the firearm charge, and the magistrate ruled against his contention that the weapon was not operable. On that record there was no remaining objection to the admission of the 12 articles which related to the felony offenses which had been initiated by the complaint.

█ Under the provisions of subdivision (i) of section 1538.5[10] the defendant was entitled to renew in the superior court his objections to the admission of the 12 items used to support the charges in the information filed against him. Defendant at no time renewed his motion to suppress or otherwise objected to the use of those particular items to support the charges pending in the superior court. The hearings and stipulation in the superior court all related to other property.

At the time of the entry of his plea all but two counts of the information

---

[9]Subdivision (f) of section 1538.5 provides: "(f) If the property or evidence relates to a felony offense initiated by a complaint, the motion may be made in the municipal or justice court at the preliminary hearing."

Compare, subdivision (b) which reads: "(b) When consistent with the procedures set forth in this section and subject to the provisions of Section 170 and 170.6 of the Code of Civil Procedure, the motion should first be heard by the magistrate who issued the search warrant if there is a warrant."

See also section 1539 which reads in pertinent part, "(a) . . . if the grounds on which the warrant was issued be controverted and a motion to return property be made . . . (ii) by a defendant whose property has not been offered or will not be offered as evidence against him . . . the judge or magistrate must proceed to take testimony in relation thereto, . . ."

Section 1540 provides: "If it appears that the property taken is not the same as that described in the warrant, or that there is no probable cause for believing the existence of the grounds on which the warrant was issued, the magistrate must cause it to be restored to the person from whom it was taken."

[10]Subdivision (i) of section 1538.5 provides in pertinent part as follows: "(i) If the property or evidence obtained relates to a felony offense initiated by complaint and the defendant was held to answer at the preliminary hearing, . . . the defendant shall have the right to renew or make the motion in the superior court at a special hearing relating to the validity of the search or seizure which shall be heard prior to trial and at least 10 days after notice to the people unless the people are willing to waive a portion of this time. The defendant shall have the right to litigate the validity of a search or seizure de novo on the basis of the evidence presented at a special hearing. . . ."

were dismissed. It would appear that insofar as an appeal from defendant's conviction is concerned, the ruling of the magistrate with respect to the property and evidence related to those charges was rendered moot. Moreover, at the time of the entry of plea the defendant stipulated that he relinquished any property interest he had in any seized items, with certain stated exceptions, "unless an Appellate Court at some time in the future specifically rules that any part of the seizure was illegal."

■ This leaves for consideration the seizure of the stereo car tape recorder which formed the basis of his conviction of violation of section 496 of the Penal Code. Since the magistrate found on sufficient evidence that this item was a device which could be used to record and reproduce multi-frequency tones to acoustically connect with telephone lines, he correctly determined that it was properly seized as an item within the scope of those described in the search warrant. The conviction of violation of section 496 of the Penal Code must be affirmed.

## II

The complications in this case arise from the fact that the defendant sought to suppress not only the property and evidence relating to the felony and misdemeanor charges which were initiated by the complaint filed in the municipal court, but he also sought to suppress and secure the return of all the property seized which was not described in the warrant. In *People v. de Renzy* (1969) 275 Cal.App.2d 380 [79 Cal.Rptr. 777] this court noted, "California law affords a prompt and speedy remedy, including an adversary hearing, for the return of property improperly taken under a search warrant. See Penal Code sections 1538.5, 1539, 1540, the purpose of which 'is to provide one whose property is seized with a speedy remedy in a readily accessible court.' [Citations.]" (275 Cal.App.2d at p. 387.) The question here is which provisions should be applied under the circumstances of this case. When the magistrate because of insufficient evidence relating to the other seized items ruled that the defendant's motion was granted "as to all items which have not been admitted into evidence," the prosecutor was faced with a dilemma.

■ It would appear that a motion to suppress or for the return of property which does not relate to charges filed against the defendant should be brought before the magistrate who issued the warrant. (§ 1538.5, subd. (b) and § 1539; see fn. 9 above.) In this case, however, the judge who presided at the preliminary examination was the same judge who issued the warrant so he properly heard both matters.

Various provisions govern the right of the People to secure review of

an adverse order obtained in proceedings before a magistrate under either subdivisions (b), (f) or (g). Subdivision (d) provides, "If a search or seizure motion is granted pursuant to the proceedings authorized by this section, the property or evidence shall not be admissible against the movant at any trial or other hearing unless further proceedings authorized by this section or Section 1238 or Section 1466 are utilized by the people." Subdivision (e) provides in pertinent part, ". . . If the motion is granted at a preliminary hearing, the property shall be returned upon order of court after 10 days unless the property is otherwise subject to lawful detention or unless, within that time, further proceedings authorized by this section or Section 1238 are utilized; if they are utilized, the property shall be returned only if, after the conclusion of such proceedings, the property is no longer subject to lawful detention." It was, therefore, incumbent on the People to attack that portion of the order which purported to suppress the items not introduced in evidence in these proceedings, or suffer the possibility that such property could not be used as evidence in other actions.

As noted above (see fn. 3 and accompanying text) the People sought relief under the provisions of subdivision (j) of section 1538.5. This subdivision, however, only refers to property or evidence which "relates to a felony offense initiated by complaint," and contemplates relitigation de novo of the motion to suppress in connection with the charges contained in the information. These proceedings have been unnecessarily burdened with the collateral issues involving a multitude of items which may have little, if anything to do with the charges involved. If the issue with respect to property which is not related to the charged offenses devolves about the question of whether there was an unreasonable search and seizure without a warrant, or whether there was probable cause for the issuance of a warrant, or any other issue common to all of the property, it may be proper to resolve that issue at the same time as to all of the items involved, whether they are related to the charges or not. On the other hand when, as here, the reasonableness of the search and seizure as to any item is dependent on whether or not it was in plain sight, or whether it reasonably appeared to be held as stolen property, or in violation of some other laws (see *Skelton* v. *Superior Court* (1969) 1 Cal.3d 144, 157 [81 Cal.Rptr. 613, 460 P.2d 485]), the complexity of the issues may unduly complicate and delay the proceedings on the charges which have been filed.

Here the superior court on April 28, 1971 correctly concluded that all items which were found without, or with altered, serial numbers in violation of section 537e of the Penal Code should not be suppressed, and, as well, that any property identified by its owner as stolen should not be suppressed. The court reserved to the defendant the right to make any

motions or objections respecting the production of such items in evidence in any other court, and the right to appeal (see fn. 7 above). An appeal from that order is not cognizable under subdivision (m) (see fn. 5 above) because it is not shown that any of the evidence set forth and referred to in the order signed and filed April 29, 1971 was ever offered, or will be offered in evidence against the defendant. If and when the People seek to use the evidence against him he will have appropriate remedies. Moreover, it should be noted that as part of his plea bargain the defendant stipulated to retention of all but certain items by the People, subject, however, to the right to review in appropriate proceedings. The appeal from the convictions involving other items of property is not such a proceeding.

The remaining items which were not to be returned to the defendant by the terms of the stipulation dated June 11, 1971, must also await an appropriate ruling and review. The effect of the order of April 29, 1971 and the stipulation was to set aside the magistrate's order, which granted the defendant's motion at the time he was held to answer, as to all items except those released by the stipulation. The trial court correctly interpreted the stipulation as rendering the matter moot until further attempts were made to use the acknowledgedly stolen property against the defendant.[11] He erred in permitting the People to relitigate the issue of seizure in connection with these proceedings, in which the items in controversy were not related to either the charges filed or the counts on which the defendant was convicted.

 In view of the foregoing the final court order was a nullity. The magistrate's original order of suppression had been vitiated by the proceedings taken on April 28 and July 11, so there was nothing left to relitigate or set aside in the subsequent proceedings. Insofar as the order purported to vitiate the prior order and stipulation which permitted the defendant to challenge the evidence if and when any of the items were used against him, the order improperly violated those prior terms. If it were reviewable in these proceedings it should be set aside.

### III

In view of the confused nature of the proceedings, any decision herein

---

[11]The effect of the April proceedings and the June stipulation was to definitely establish that the items seized and held, with the exceptions in the stipulation, were stolen property in which the defendant had no property interest. Those items, therefore, were property "otherwise subject to lawful detention" which should not be returned to the defendant. (§ 1538.5, subd. (e), see text above.) The use of any of those items as evidence could, under the order and stipulation, properly be tested if and when such use was attempted.

should be without prejudice to the People's right to relitigate the validity of the seizure of the articles which were not referred to in, and in that sense were not related to, these proceedings. They endeavored to seek review as provided by the statute, although their remedy was properly to sever the proceedings before the magistrate and proceed under Penal Code section 1539 as to the articles in question. This end is served by the finding herein that the magistrate's order of suppression was vitiated by the proceedings taken on April 28 and July 11, 1971.

Conversely, the defendant qualified his stipulation relinquishing any property interest he might have in the remaining articles which had been seized by reserving the right to obtain a final determination on appeal that the seizure was illegal with respect to any or all of those articles. Unless he can avoid the stipulation that the goods were stolen, he cannot succeed in securing a return to him of such articles, but he clearly is entitled to show that all or any of the articles may not be used as evidence against him. If he secures a final order that any such article was illegally seized the relinquishment in the stipulation would appear to be avoided. Then a determination could be made regarding the quality and effect of the admission contained in the same stipulation.

The order of June 23, 1971 is vacated and the purported appeal from that order is dismissed without prejudice to any other proceedings concerning the articles involved as are not inconsistent with this opinion. The judgment of conviction is affirmed.

Molinari, P. J., and Elkington, J., concurred.