Filed 5/17/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| RICHARD MOLINA,<br><br>    Petitioner,<br><br>        v.<br><br>THE SUPERIOR COURT OF ORANGE COUNTY,<br><br>    Respondent;<br><br>THE PEOPLE,<br><br>    Real Party in Interest. | G056530<br><br>(Super. Ct. No. 02CF0701)<br><br>O P I N I O N |

Original proceedings; petition for a writ of mandate to challenge an order of the Superior Court of Orange County, Kimberly Menninger, Judge.  Petition denied.

Sharon Petrosino, Public Defender, Sara Ross, Assistant Public Defender, Alison Worthington and Hans Corteza, Deputy Public Defenders, for Petitioner.

Todd Spitzer and Tony Rackauckas, District Attorneys, and Matthew Lockhart, Deputy District Attorney, for Real Party in Interest.

Richard Molina challenges the trial court's order denying his petition for writ of mandate to vacate his conviction pursuant to *People v. Rodriguez* (2012) 55 Cal.4th 1125. Molina argues, and the Orange County District Attorney (OCDA) concedes, the court erred by denying the petition because Molina acted alone. As we explain below, mandate was not the proper vehicle to seek relief and although based on the record before us it appears Molina is entitled to relief, we decline to suggest to the parties what might be a better vehicle. We deny the petition.

## FACTS[1]

Police officers received a call there were people in a park vandalizing a table and smoking marijuana. When police arrived they saw a woman walk from the park to a car, retrieve a jacket, and walk back into the park where she sat at a table with Molina and another man. Police officers walked by the car and saw a 40-caliber cartridge on the armrest. A search of the car revealed a loaded 40-caliber pistol magazine and a 40-caliber semiautomatic pistol in the glove compartment. A search of the man revealed a small bag of marijuana. The man admitted to an officer he "kick[ed] it with Smalltown gang." The man told an officer that when he picked up Molina, Molina had a loaded gun, and after the man unloaded the gun, the man put it in the glove compartment. Molina confirmed the man's story, but explained he was holding the gun for a friend. Officers arrested Molina and the man. Further investigation revealed Molina was an active member of the "Prestige" and "Logan" street gangs.

In 2002, Molina pleaded guilty to being an active participant in a criminal street gang and carrying a concealed firearm in a vehicle (Pen. Code, § 12025, subds. (a)(1) & (b)(3)[2] [subd. (b)(3), requires active participant as defined in § 186.22, subd.

---

[1] The facts are taken from police reports.

[2] All further statutory references are to the Penal Code, unless otherwise indicated.

2

(a)[3]]; the prosecutor dismissed two other firearm charges. The factual basis for his plea was he unlawfully possessed a concealed firearm in a vehicle while being an active participant in Logan Street. The court suspended imposition of sentence and placed Molina on five years' formal probation.

At the time, there was California case authority that held section 186.22, subdivision (a), prohibited criminal conduct by gang members who act alone. (*People v. Sanchez* (2009) 179 Cal.App.4th 1297, 1308; *People v. Salcido* (2007) 149 Cal.App.4th 356, 368.) In 2012, the California Supreme Court issued its decision in *People v. Rodriguez* (2012) 55 Cal.4th 1125, 1132 (*Rodriguez*), in which it overruled those cases and held a gang member does not violate section 186.22, subdivision (a), if he acts alone.

In February 2018, Molina filed a petition for writ of mandate in the Orange County Superior Court to vacate his conviction pursuant to *Rodriguez*. He supported his petition with exhibits, including an officer's report and an investigator's supplemental report.

The trial court ordered the OCDA to show cause by filing a return. The court invited the OCDA and Molina[4] to address whether Logan Street, Smalltown, and Prestige "are 'subsets of a primary gang that typically work together'." In its return, the OCDA admitted Molina committed the offense without the presence of another member of his criminal street gang and he was entitled to relief. The OCDA did not address the subsets issue. In his reply, Molina requested the court issue a ruling.

Acknowledging the parties agreed the conviction should be vacated, the trial court denied Molina's petition because "[t]here [was] no supporting evidence" to

---

[3] Operative January 1, 2012, former section 12025 was recodified, without substantive change, as section 25400. (*People v. Aguilar* (2016) 245 Cal.App.4th 1010, 1012, fn. 1.)

[4] We question whether the trial court intended to invite Molina's defense counsel to offer evidence against her client.

3

establish Molina acted alone or that the people he was with were not in his gang. After reciting the facts, the court stated the following: "This is a case where clearly [three] people were involved. There is not sufficient evidence presented *at this point* for a conclusion that the three were not members, associates or individuals who claimed membership in a gang, or that they were allied in any way. What is clear from the statements of [Molina] and co-defendant Valtierra is that they were at the table vandalizing it, in possession of a firearm and ammunition. If [Molina] wishes to litigate this further, the [OCDA] is ordered to bring with it all information regarding this case and the gang affiliation of the [three] individuals present at the time of this offense." (Italics added.) The court stated the parties could respond with an order to show cause (OSC) why the court should grant the petition.

Molina filed a petition for writ of mandate in this court. We denied the petition. (*Molina v. Superior Court* (July 26, 2018, G056530) [nonpub. order].) Molina filed a petition for review with the California Supreme Court. The Supreme Court granted review and transferred the matter back to this court with directions to vacate our order denying mandate and to issue an alternative writ. (*Molina v. Superior Court*, review granted Sept. 19, 2018, S250324.) In compliance with the Supreme Court's order, we issued an alternative writ of mandate, vacating our order of July 26, 2018, and directing the respondent court to vacate its order of May 7, 2018, and to enter a new order granting the petition. The respondent court declined to comply with the writ's directive to vacate its prior order and to enter a new one. The OCDA filed its return, again conceding the issue. Consequently, Molina did not file a reply.

DISCUSSION

Code of Civil Procedure section 1085, subdivision (a), provides, "A writ of mandate may be issued by any court to any *inferior tribunal*, corporation, board, or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station, or to compel the admission of a party to the use

4

and enjoyment of a right or office to which the party is entitled, and from which the party is unlawfully precluded by that inferior tribunal, corporation, board, or person." (Italics added.)

Here, a petition for writ of mandate was not the proper vehicle for Molina to seek to have his conviction vacated. Even after trial court unification, the distinction between magistrates and superior court judges remains valid. (*People v. Henson* (2018) 28 Cal.App.5th 490, 508.) When a defendant pleads guilty before a magistrate, the magistrate certifies the case to the superior court for pronouncement of judgment. (§ 859a; *People v. Figueroa* (2017) 11 Cal.App.5th 665, 678; see *People v. Richardson* (2007) 156 Cal.App.4th 574, 591 (*Richardson*) [when person who acted as both magistrate and superior court judge pointless to certify case to herself].) Only a superior court judge can pronounce judgment on a felony. (*Richardson, supra,* 156 Cal.App.4th at p. 591; see *People v. Wilson* (1947) 78 Cal.App.2d 108, 120 [superior court only court with jurisdiction for prosecutions where punishment prison].)

There is authority for the proposition a magistrate is an inferior tribunal (*People v. Superior Court (Jimenez)* (2002) 28 Cal.4th 798, 802-803 [disqualification of magistrate]; *People v. Superior Court (Chico etc. Health Center)* (1986) 187 Cal.App.3d 648, 650 [return of business records]). When Judge Carla M. Singer accepted the guilty plea she was sitting as a magistrate. However, when she pronounced judgment, she was sitting as a superior court judge because only a superior court judge can pronounce judgment on a felony. A petition for writ of mandate may be issued by any court to an *inferior* tribunal. In his petition for writ of mandate, Molina sought to have superior court judge Kimberly Menninger vacate the felony judgment superior court judge Singer imposed. This was improper.

A superior court judge cannot mandate another superior court judge to vacate a judgment because the superior court judge who pronounced judgment is not an inferior tribunal. "The superior court does not have the authority or jurisdiction to issue

5

mandamus or prohibition against itself. 'Mandamus or prohibition may be issued only by a court to another court of inferior jurisdiction.' [Citations.]" (*People v. Davis* (2014) 226 Cal.App.4th 1353, 1371; *Ford v. Superior Court* (1986) 188 Cal.App.3d 737, 742 ["One department of the superior court cannot enjoin, restrain, or otherwise interfere with the judicial act of another department of the superior court"].) Although "every right must have a remedy[]" (*People v. Picklesimer* (2010) 48 Cal.4th 330, 339), a petition for writ of mandamus was not the proper vehicle for Molina to seek to vacate his conviction.

At oral argument, counsel discussed a number of alternatives to obtain relief. It is not our role to weigh in on what may be the proper vehicle for relief. (*In re Campbell* (2017) 11 Cal.App.5th 742, 757 [not court's role to instruct counsel how to litigate cases].) In response to a question, the OCDA deputy district attorney (DDA) conceded that in this court a petition for writ of mandate was the proper vehicle to grant relief. We cannot accept a concession on a matter which is contrary to law.

Our conclusion a petition for writ of mandate was not the proper vehicle does not mean Molina was not entitled to relief. A prosecutor must prove each element of the crime beyond a reasonable doubt. (*People v. Cole* (2004) 33 Cal.4th 1158, 1208.) If a prosecutor does not believe he can prove his case, he cannot ethically proceed. (*People v. Municipal Court* (1972) 27 Cal.App.3d 193, 205-206.)

In his return to this court, the DDA stated that since 2013 he was the "sole representative" litigating *Rodriguez* petitions, he had litigated over 200 *Rodriguez* petitions, and he had dismissed *Rodriguez* prior convictions in over 50 cases. He explained his habit and practice was to review all the police reports to determine whether the petitioner promoted, furthered, or assisted any felonious conduct of a fellow member of his gang. The DDA added that when the petitioner committed the crime with another person, he researched that person's background and carefully considered whether he was a member of the petitioner's gang. He stated that when there was no evidence that person was a member of petitioner's gang, he conceded the petition has merit. The DDA

6

concluded, "When the [OCDA] concede[s] a *Rodriguez* writ it is because there is no evidence to support the charge."

Here, the OCDA conceded there was no evidence to support the charge Molina promoted, furthered, or assisted any felonious conduct of a fellow member of his gang. Based on the OCDA's concession he could not prove all the elements of section 186.22, subdivision (a), Molina was entitled to relief but not by a petition for writ of mandate.

DISPOSITION

Petition denied without prejudice to Molina moving to withdraw his plea and vacate the judgment or seek other appropriate relief.

O'LEARY, P. J.

WE CONCUR:

BEDSWORTH, J.

FYBEL, J.

7