[No. B030626. Second Dist., Div. Three. Sept. 30, 1988.]

■PHYLLIS Y. WEISS, Plaintiff and Appellant, v. CHEVRON, U.S.A., INC., Defendant and Respondent.

COUNSEL

Girardi, Keese & Crane and James B. Kropff for Plaintiff and Appellant.

John R. Brydon, Maile China and Demler, Armstrong & Rowland for Defendants and Respondents.

OPINION

ARABIAN, J.—

### INTRODUCTION

Plaintiff Phyllis Y. Weiss (plaintiff) appeals from the granting of summary judgment in favor of defendant Chevron U.S.A., Inc. (Chevron). The trial court ruled that plaintiff had failed to raise a triable issue of material fact as to Chevron's vicarious liability for her injuries, finding no principal/agent relationship between Chevron and any other party defendant. We affirm.

### PROCEDURAL AND FACTUAL BACKGROUND

On July 3, 1985, plaintiff sustained personal injury when she was a passenger in a vehicle driven by defendant Jacob Taboul, which collided with another vehicle driven by defendant Robert Valenzuela. Valenzuela was employed by defendant Ernest Davies, who owned and operated a service

station doing business as Ernie Davies Chevron, another party defendant.[1] Plaintiff also joined Chevron, on the theory that it was vicariously liable for the negligence of its agents, the Davies defendants.

Chevron answered the complaint, denying all liability. After conducting discovery, it moved for summary judgment on the ground that plaintiff had no evidence establishing an agency relationship with Davies, citing to her answers to interrogatories. Plaintiff opposed the motion on the ground that she had no affirmative burden; Chevron must negate any relationship.

Chevron filed a formal reply to the opposition, indicating that the infirmity in its initial motion resulted from the erroneous omission of a declaration by one of its management employees and certain supporting documents, which now accompanied its reply. Chevron also agreed to stipulate to a reasonable continuance of the hearing on the summary judgment motion to enable plaintiff to depose the declarant and file substantive opposition or additional evidence.

Hearing on the motion for summary judgment was continued approximately two months on the court's own motion. In response to Chevron's reply, plaintiff filed an objection and motion to strike the evidence submitted with the reply, asserting that the court could not consider any supporting papers not accompanying the original motion for summary judgment. Plaintiff did not counter Chevron's evidence substantively.

The trial court denied the motion to strike and granted summary judgment, finding that Davies was not an agent of defendant Chevron. Plaintiff filed a timely notice of appeal.

## ISSUES PRESENTED

This matter presents two issues: Procedurally, we determine whether the trial court properly considered evidence not initially included in Chevron's motion for summary judgment but submitted together with its reply to plaintiff's opposition to the motion. Substantively, we assess whether the evidence before the court raised a triable issue of material fact as to Chevron's vicarious liability for Davies's negligent acts as an independent contractor.

## DISCUSSION

█ "The granting of a summary judgment is a drastic remedy, and if there is any issue of material fact to be tried, summary judgment must be

---

[1] Ernest Davies and Ernie Davies Chevron will be referred to collectively as "Davies."

denied. [Citation.] The trial court is, however, to some extent required to weigh evidence in determining whether the factual issues asserted relate to a 'material fact,' and must determine what 'inferences [are] reasonably deducible from [the] evidence.' (Code Civ. Proc., § 437c.) This is not simply a process of mechanical sifting of affidavits to determine whether a theoretical issue has been uncovered, regardless of how minor or remote. The trial court judge is entitled and required to utilize discretion in viewing and weighing questions of substance and materiality of asserted disputed facts. [Citations.]" (*Sawyer* v. *First City Financial Corp.* (1981) 124 Cal.App.3d 390, 406 [177 Cal.Rptr. 398].)

Plaintiff based her claim against Chevron solely upon a theory of vicarious liability arising from an alleged principal/agent relationship between the corporation and Davies. Chevron initially moved for summary judgment on the ground that plaintiff had no evidence of any agency nor any knowledge of the existence of such evidence, citing to her answers to interrogatories. Plaintiff responded that Chevron had the burden of negating the existence of such a relationship; she was not affirmatively obligated to establish the fact of agency. Chevron then submitted a reply, responding on the merits of the opposition and incorporating the declaration of a Chevron management employee and the sales and lease contracts between Chevron and Davies. The trial court found no agency relationship based upon the evidence submitted with the reply and granted summary judgment. ■ On appeal, plaintiff does not contest the substantive correctness of this ruling but argues that since the dispositive evidence did not accompany the original moving papers, this procedural defect precluded the court from considering it.

We find no error. Code of Civil Procedure section 437c, subdivision (b), permits the filing of "[a]ny reply to the opposition . . ." and does not expressly or impliedly prohibit the inclusion of evidentiary matter with the reply. Moreover, subdivision (c) states that the motion "shall be granted *if all the papers submitted* show that there is no triable issue . . .," and the court "shall consider *all of the evidence set forth in the papers*" except that to which objections have been sustained. (Italics added.) This unqualified reference to "the papers" before the court, without limitation to documents submitted with the original motion, also supports the reasonable inference that the court should consider all admissible evidence of which the opposing party has had notice and the opportunity to respond. (See, e.g., *Alvak Enterprises* v. *Phillips* (1959) 167 Cal.App.2d 69, 74-75 [334 P.2d 148].)

This conclusion is consistent with the general rule that "a trial court has inherent power, independent of statute, to exercise its discretion and control over all proceedings relating to the litigation before it [citation]. One phase

of such power 'necessary to the orderly and efficient exercise of jurisdiction' [citation] is the power to obtain evidence upon which the judgment of the court may rest [citation]. In this case, the additional or supplemental [declaration and supporting documents] were the means whereby the trial court received for its guidance and consideration evidentiary facts, and reception thereof constituted a proper exercise of the inherent power of the court. We conclude that, in summary judgment proceedings, the trial court is vested with discretion to permit the filing of affidavits in addition to those specifically mentioned in the statute and its determination in this respect will not be disturbed on appeal unless an abuse of discretion is clearly shown." (*Johnson* v. *Banducci* (1963) 212 Cal.App.2d 254, 260 [27 Cal.Rptr. 764].)

Other than raising a technical objection because the code section does not expressly provide that declarations may accompany a reply to the opposition, plaintiff fails to explain how the court abused its discretion in considering Chevron's additional evidence. When Chevron filed its reply, plaintiff received notice of its intent to rely on these papers to negate any agency relationship. Chevron expressed its willingness to continue the hearing on the summary judgment motion to enable plaintiff to review the declaration, depose the declarant, and present further substantive opposition. Due to unrelated circumstances, the hearing was actually postponed 51 days from its original date, 23 days more than the statutory notice period. (See Code Civ. Proc., § 437c, subd. (a).) During that time, Chevron provided numerous documents through discovery that should have revealed some evidence supporting plaintiff's claim, if any existed. Nevertheless, plaintiff affirmatively rejected the opportunity to counter Chevron legally or factually on the merits and chose instead to remain fast to a technical procedural objection.

This attitude does not comport with the purpose and function of summary judgment. ■ "[A] party opposing a motion for summary judgment which is supported by affidavits or declarations sufficient to sustain the motion, has the burden of showing that triable issues of fact exist. The purpose of the summary procedure is to penetrate through evasive language and adept pleading and ascertain the existence or absence of triable issues. [Citations.]" (*Chern* v. *Bank of America* (1976) 15 Cal.3d 866, 873 [127 Cal.Rptr. 110, 544 P.2d 1310].) Neither at trial nor on appeal has plaintiff demonstrated any substantive error in the court's determination that Chevron had no agency relationship with Davies. Nor does our examination of the record reveal any deficiency in the evidence negating agency. This attempt to thus elevate form over substance is contrary to the intent that summary judgment should eliminate those causes of action about which the parties have no factual dispute.

 Plaintiff counters by asserting a triable issue of material fact remains as to Chevron's vicarious liability for Davies's negligence as an independent contractor in light of Chevron's control over the enterprise and cites to the fact "that the general rule of nonliability of the employer of an independent contractor for the latter's negligence is subject to such wide exceptions that nonliability is now the exception. Policy considerations frequently command the imposition of liability. [Citation.]" (*Holman* v. *State of California* (1975) 53 Cal.App.3d 317, 327 [124 Cal.Rptr. 773].) "Some of the principal ones are that the enterprise, notwithstanding the employment of the independent contractor, remains the employer's because he is the party primarily to be benefited by it, that he selects the contractor, is free to insist upon one who is financially responsible, and to demand indemnity from him, that the insurance necessary to distribute the risk is properly a cost of the employer's business, and that the performance of the duty of care is of great importance to the public." (*Van Arsdale* v. *Hollinger* (1968) 68 Cal.2d 245, 253 [66 Cal.Rptr. 20, 437 P.2d 508].)

Plaintiff, however, offers no factual basis nor identifies any relevant policy considerations warranting a departure from the general rule of nonliability in this case. The only evidence before the trial court, the contracts and leases between Chevron and Davies, expressly limited Chevron's involvement in the performance and direction of business activities and excluded it from "any right to control [Davies's] business or operations or the manner in which the same shall be conducted . . . . Chevron ha[d] no right to hire or fire any employees of [Davies] or to exercise any control over any of [Davies's] employees, all of whom [were] entirely under the control and direction of [Davies], who shall be responsible for their acts and omissions." Chevron's primary relationship with Davies was to supply gasoline and various other Chevron automotive products for sale by him in the course of his operation.

Plaintiff offered no evidence of any connection between the cause of her injuries and any aspect of the business over which Chevron did exert or could have exerted any control. Moreover, her injuries did not arise from any peculiar risk of harm for which Chevron should be held responsible even if it relinquished control to Davies. (See, e.g., *Holman* v. *State of California, supra,* 53 Cal.App.3d at pp. 328-331.) Under such circumstances, no policy considerations require departing from the general rule refusing to impose vicarious liability for the negligence of an independent contractor. Accordingly, the trial court properly granted summary judgment as to all of plaintiff's theories of liability.

CONCLUSION

Procedurally, a party who has the opportunity to place all chips upon the table by augmenting the record, fails to do so and decides to gamble against

an unfavorable ruling, cannot complain when the croupier's toss comes up short of expectations.

## DISPOSITION

The judgment is affirmed. Appellant to bear costs on appeal.

Klein, P. J., and Croskey, J., concurred.