[No. B048078. Second Dist., Div. Five. Oct. 31, 1991.]

THOMAS LEE COY, Plaintiff and Respondent, v.
COUNTY OF LOS ANGELES, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part VI.

---

COUNSEL

Morris, Polich & Purdy, Robert S. Wolfe, Marc S. Katz, Donald L. Ridge and Douglas J. Collodel for Defendant and Appellant.

Hurley, Grassini & Wrinkle and Roland Wrinkle for Plaintiff and Respondent.

---

OPINION

TURNER, P. J.—

## I. INTRODUCTION

The County of Los Angeles (County) appeals from a judgment, after a jury trial, in favor of plaintiff Thomas Lee Coy and from the trial court's denial of the County's new trial motion. The County also challenges the trial court's denial of its pretrial motion for summary judgment. The County contends that plaintiff's suit for claim and delivery as well as conversion of property taken by sheriff's deputies pursuant to a search warrant was barred as a matter of law by the three-year statute of limitations contained in Code of Civil Procedure section 338, subdivision (c).[1] Because we determine that the pretrial summary judgment motion should have been granted, we reverse the judgment which was entered after the ensuing trial in plaintiff's favor and direct entry of summary judgment in favor of the County.[2]

## II. STATE OF THE PLEADINGS

The complaint contains causes of action for conversion, claim and delivery, malicious prosecution, as well as intentional and negligent infliction of

---

[1]Code of Civil Procedure section 338, subdivision (c) states in relevant part that an action "for taking, detaining, or injuring any goods or chattels, including actions for the specific recovery of personal property" must be filed within three years. All further statutory references are to the Code of Civil Procedure unless otherwise noted.

[2]Plaintiff does not contest the County's right to raise the issue of the correctness of the order denying the pretrial summary judgment motion on appeal after a trial. An order denying summary judgment is not separately appealable. (§ 437c, subd. (*l*).) An order denying a summary judgment is an interlocutory order (*Guedalia v. Superior Court* (1989) 211 Cal.App.3d 1156, 1164, fn. 5 [260 Cal.Rptr. 99]) which may be reviewed on direct appeal from a final judgment entered after a trial. (§ 906; *Perego v. Seltzer* (1968) 260 Cal.App.2d 825, 829 [67 Cal.Rptr. 636].)

severe emotional distress. The complaint alleges that sheriff's deputies employed by the County seized "coins, diamonds, jewelry, antiques and other valuables" while serving a search warrant. The complaint describes the seizure as follows: "On or about October 18, 1973, Defendants, and each of them, entered Plaintiff's residence . . . and wrongfully and without Plaintiff's consent removed the aforementioned property from Plaintiff's residence and possession, in connection with a pending criminal investigation thought to involve Plaintiff." On November 20, 1973, plaintiff was indicted on 10 counts of receiving stolen property and, according to the complaint, plaintiff was later arrested and charged in an information. On May 13, 1974, guilty verdicts were returned as to 10 counts and a notice of appeal was filed "on or about September 18, 1974." At a later date, an "appellate court" ordered an evidentiary hearing. At the evidentiary hearing "it was determined that certain key evidence used to convict Plaintiff at the first trial was acquired through perjured testimony." Plaintiff then "made a Motion for New Trial, which was granted." The complaint further alleges that: on December 21, 1984, all criminal proceedings, which were commenced without probable cause, "were dropped" or dismissed; the property seized during the October 18, 1973, search was not returned; a claim was submitted to the County and rejected; and plaintiff was damaged as a result of the County's continued retention of the property and unwarranted prosecution of him. In the published portion of this opinion, we will discuss why there was no triable issue of fact concerning the application of the statute of limitations to the conversion and claim and delivery causes of action.

### III. THE EVIDENCE BEFORE THE TRIAL COURT[3]

The County presented the following evidence which is relevant to the conversion and claim and delivery causes of action. The County cited plaintiff's complaint filed November 16, 1985, as evidence. The complaint

---

[3]The County has requested that this court take judicial notice of matters which occurred in the various underlying criminal proceedings involving plaintiff. This court may take judicial notice of the records of any court of this state. (Evid. Code, §§ 452, 459, subd. (a).) However, with the exception of the criminal court minute orders cited in plaintiff's summary judgment opposition, there has been no showing by the County that the matters of which it requests we take judicial notice were presented and considered by the trial court at the time of the summary judgment motion hearing. We have carefully reviewed the evidentiary record and can find no indication that the documents which are the subject of the County's judicial notice request were presented in superior court. This court will not normally take judicial notice of matters which were not brought to the attention of the trial court or presented to the trier of fact. (*People* v. *Preslie* (1977) 70 Cal.App.3d 486, 493 [138 Cal.Rptr. 828].) Therefore, the County's request that we judicially notice certain records of the underlying criminal proceedings which were not before the court at the time of the summary judgment motion hearing is denied. We also grant plaintiff's motion to strike specified portions of the County's reply brief wherein the County referred to matters which occurred in the underlying criminal proceedings which were not presented to the trial court in the civil case.

alleged that plaintiff's jewelry was wrongfully taken on October 18, 1973, he was convicted of receiving stolen property within the meaning of Penal Code section 496 on August 9, 1974, and he filed a notice of appeal on September 18, 1974. Furthermore, attached to the County's reply to the opposition were documents which indicated that he was placed on probation on September 18, 1974. The complaint alleged at a later date that the case was returned by "an appellate court" to the trial court where charges were ultimately dismissed. Additionally, the County referred to plaintiff's deposition transcript. The portions of the transcript which are relevant to this opinion indicated that prior to, during, and after his trial, plaintiff's attorneys made motions for return of all the property seized by the County. Plaintiff testified that he sought the return of the property that belonged to him. Plaintiff did not seek the return of the property which was stolen which he did not know was stolen when he purchased it. Finally, the County's evidence consisted of plaintiff's claim filed with the County prior to the commencement of the present lawsuit pursuant to Government Code section 910. The contents of the claim form will be discussed in the unpublished portion of the opinion.

Plaintiff presented evidence which indicated that on April 29, 1974, a motion for return of evidence pursuant to Penal Code sections 1538.5, 1539, and 1540 was denied. Finally, plaintiff's evidence indicated that in 1983 he was found to have been convicted by the use of false evidence and on December 21, 1984, he was granted a new trial. ▮ ▮ ▬ ▬ On December 21, 1984, the prosecution was unable to proceed with the case and it was dismissed pursuant to Penal Code section 1385.[4]

---

[4]Some of the evidence relevant to the statute of limitations issue was not cited nor referred to in the County's separate statement of undisputed facts filed pursuant to section 437c, subdivision (b). For example, attached to the County's reply to the opposition was a sufficiently authenticated minute order dated September 18, 1974, which indicated plaintiff was placed on probation on that date. Also attached was a transcript of plaintiff's sentencing proceedings of September 18, 1974, which indicated that a motion for return of property was denied on that date. These documents were filed in response to plaintiff's argument in the opposition to the summary judgment motion that he was entitled to the benefit of the tolling provisions of Government Code section 945.3.

A separate statement of undisputed facts is normally filed along with the summary judgment motion, but section 437c does not explicitly bar the use of evidence filed with a reply to a summary judgment motion opposition. In *Weiss v. Chevron U.S.A., Inc.* (1988) 204 Cal.App.3d 1094, 1098 [251 Cal.Rptr. 727], Division Three of this appellate district held that a declaration could be filed for the first time in conjunction with a reply to an opposition in a summary judgment case. On the other hand, at least two decisions have emphasized that unless evidence is referred to in a separate statement, the court should not consider such evidence. (*United Community Church* v. *Garcin* (1991) 231 Cal.App.3d 327, 337 [282 Cal.Rptr. 368]; *Wilson* v. *Blue Cross of So. California* (1990) 222 Cal.App.3d 660, 669 [271 Cal.Rptr. 876].) However, we need not resolve this difference of opinion because no objection to the consideration by the court in the present case of the minute order and transcript which clarified the probation and sentence hearing date was interposed in superior court. As a result,

IV. THE PARTIES' RELEVANT ARGUMENTS IN THE TRIAL
COURT AND ON APPEAL CONCERNING THE STATUTE OF
LIMITATIONS FOR THE CONVERSION AND THE
CLAIM AND DELIVERY CAUSES OF ACTION

In superior court, the County presented numerous arguments, many of them in the alternative. We need not address most of the arguments be-

the general rule requiring that objections be interposed in the trial court precludes any consideration of the argument in this court that the documents attached to the opposition were inadmissible because they were not cited in the County's separate statement. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1138 [275 Cal.Rptr. 797, 800 P.2d 1227]; *Doers* v. *Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 184-185, fn. 1 [151 Cal.Rptr. 837, 588 P.2d 1261].)

The present motion was denied in 1989. Section 437c, subdivision (d) states: "Supporting and opposing affidavits or declarations shall be made by any person on personal knowledge, shall set forth admissible evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. *Any objections based on the failure to comply with the requirements of this subdivision shall be made at the hearing or shall be deemed waived.*" (Italics added.) In 1990, section 437c, subdivision (b), which contains the language concerning separate statements, was amended to state, "Evidentiary objections not made at the hearing shall be deemed waived." (Stats. 1990, ch. 1561, § 2, p. ___.) This language, added in 1990 to the summary judgment law, contained in the same subdivision as the requirement that the evidence to be relied upon by a party be referred to in the separate statement, requires objection to evidence not properly cited in a separate statement; otherwise, waiver of the right to object has occurred.

Furthermore, the necessity of objecting because evidence is not properly cited in a separate statement is illustrated by the uncodified statement of legislative intent concerning the 1990 amendments to the summary judgment law. Reference to this statement of legislative intent is appropriate given the inconsistency between the language in section 437c, subdivision (b) which requires citation to the relevant evidence in the separate statement and the language in subdivision (c) which states that the motion "shall be granted if all the papers submitted show" no triable issue exists. The language in subdivision (c) appears to allow evidence to be submitted in a reply, which means that it may not necessarily be referred to in the separate statement, and in *Weiss* v. *Chevron U.S.A., Inc., supra,* 204 Cal.App.3d at page 1098, the court so held. Given this inconsistency it is proper to refer to a statement of legislative intent. (*Delaney* v. *Superior Court* (1990) 50 Cal.3d 785, 798 [268 Cal.Rptr. 753, 789 P.2d 934].) The uncodified portion of the 1990 amendment contains the following statement of legislative intent: "It is the intent of this legislation to provide that all objections to the form and substance of the moving and opposing party shall be first made in the trial court and not on appeal by the parties or by the appellate court . . . ." (Stats. 1990, ch. 1561, § 1, No. 7 Deering's Adv. Legis. Service, p. 6766.) Therefore, whatever lack of clarity may have existed prior to the 1990 amendments concerning whether a party could waive the right to object to evidence not referred to in a separate statement, it is now clear that the failure of a party to object or the trial court, on its own motion, to strike such evidence constitutes waiver of the opportunity to raise that issue on appeal.

In any event, the evidence before the trial court indicated that plaintiff was either placed on probation or sentenced by September 18, 1974. The complaint alleges that on August 9, 1974, guilty verdicts were returned and a notice of appeal was filed on September 18, 1974. Even when the complaint is narrowly construed because it was evidence relied upon by the moving party (*Sprecher* v. *Adamson Companies* (1981) 30 Cal.3d 358, 373 [178 Cal.Rptr. 783, 636 P.2d 1121]), the only fair inference to draw from the fact that a notice of appeal was filed would be that plaintiff was either sentenced or placed on probation on that date. Furthermore,

cause they are irrelevant to our determination that the superior court should have granted the pretrial motion for summary judgment. The County argued that since plaintiff's complaint alleged the seizure and the detention of the property was wrongful "the statute of limitations on plaintiff's complaint would have begun to run on October 18, 1973, and would have expired on October 18, 1976." Additionally, the County argued in the alternative: "Were plaintiff permitted to amend his complaint to allege the original taking was lawful but that at some point in time, he made demand for return of the property and the County of Los Angeles refused to do so, plaintiff's complaint would nonetheless be barred by the statute of limitations. In this regard, the reference to plaintiff's own testimony during his deposition is instructive. In plaintiff's deposition, he testified that his attorneys made motions before, during and after trial for return of his property. ██ All these motions were denied by the court."[5] In his opposition to the summary judgment motion, plaintiff argued that he was entitled to the benefit of the tolling provisions of Government Code section 945.3 which provides that when a person is charged with a crime, the statute of limita-

the result in the present case would be the same regardless of whether there was evidence presented to the trial court that plaintiff had either been placed on probation or sentenced on September 18, 1974. The only reason it is relevant is that the parties have litigated the application of Government Code section 945.3 which tolls the running of the statute of limitations. As will be noted in the body of the opinion, the tolling provisions of Government Code section 945.3 were inapplicable to the present case and the statute of limitations began to run when a motion for return of property was denied either in the municipal or superior court.

[5]Plaintiff argues that the County waived the statute of limitations defense based on section 338, subdivision (c), by failing to specifically allege that statute as an affirmative defense as required by section 458 which provides: "In pleading the Statute of Limitations it is not necessary to state the facts showing the defense, but it may be stated generally that the cause of action is barred by the provisions of Section ___ (giving the number of the section and subdivision thereof, if it is so divided, relied upon) of the Code of Civil Procedure; and if such allegation be controverted, the party pleading must establish, on the trial, the facts showing that the cause of action is so barred." Section 458 has been strictly construed as requiring that the relevant statute and subdivision, if applicable, be pleaded, otherwise the answer fails to raise the statute of limitations defense. (*Davenport* v. *Stratton* (1944) 24 Cal.2d 232, 246-247 [149 P.2d 4]; cf. *Davies* v. *Krasna* (1975) 14 Cal.3d 502, 508 [121 Cal.Rptr. 705, 535 P.2d 1161, 79 A.L.R.3d 807] [pleading inapplicable statute of limitations failed to raise timeliness issue].) Enforcement of that rule, however, depends upon the diligence with which the opposing party objects to the pleading defect by way of demurrer or otherwise. (*Davenport* v. *Stratton, supra,* 24 Cal.2d at pp. 247-248.) In its answer, the County asserted only: "This action is barred by the Statute of Limitations." Plaintiff did not object to the pleading by demurrer or otherwise until after trial had begun and five witnesses had already testified. In addition, plaintiff never secured a ruling by the trial court on his objection to the pleading of the statute of limitation defense. Moreover, the County has asserted its statute of limitations defense based on section 338, subdivision (c), in its summary judgment motion without objection by plaintiff based on the failure to specifically plead that defense. The statute of limitations issue was subsequently submitted to and decided by the jury. Therefore, plaintiff waived his objection to the manner in which the County pleaded its statute of limitations defense by failing to diligently raise and secure a ruling on that objection at the time of the summary judgment motion hearing.

tions for pursuing a civil action against a peace officer or the public entity employing the peace officer is tolled until proceedings are completed in the trial court.[6] ▮▮▮ On appeal, the County contends that when the motionsfor return of property were denied, the statute of limitations for conversion and the claim and delivery causes of action began to run. We conclude that the County is correct and that the present action, filed on November 6, 1985, insofar as it seeks damages for conversion or return of property on a claim and delivery theory was untimely.

## V. THE STATUTE OF LIMITATIONS RAN AT THE LATEST WHEN A MOTION FOR RETURN OF PROPERTY WAS DENIED

Causes of action for claim and delivery or conversion of personal property are governed by the three-year statute of limitations as set forth in section 338, subdivision (c). ▮▮▮ The government is a bailee when a peace officer seizes property from an arrestee. (*Minsky* v. *City of Los Angeles* (1974) 11 Cal.3d 113, 121-122 [113 Cal.Rptr. 102, 520 P.2d 726].) In the case of a bailment, when an original taking is wrongful, the statute of limitations begins to run from the time of the unlawful taking. This rule applies to both causes of action for conversion and claim and delivery. (*H. Russell Taylor's Fire Prevention Service, Inc.* v. *Coca Cola Bottling Corp.* (1979) 99 Cal.App.3d 711, 725 [160 Cal.Rptr. 411]; *First National Bk.* v. *Thompson* (1943) 60 Cal.App.2d 79, 81-83 [140 P.2d 75].) ▮▮▮ ▬▬ ▮▮ ▮▮▮ If the taking was wrongful, the statute of limitations began to run on

---

[6]Government Code section 945.3 states: "No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused, while the charges against the accused are pending before a justice, municipal, or superior court. [¶] Any applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a justice, municipal, or superior court. [¶] For purposes of this section, charges pending before a justice, municipal, or superior court do not include appeals or criminal proceedings diverted pursuant to Chapter 2.5 (commencing with Section 1000), Chapter 2.6 (commencing with Section 1000.6), Chapter 2.7 (commencing with Section 1001), Chapter 2.8 (commencing with Section 1001.20), or Chapter 2.9 (commencing with Section 1001.50) of Title 6 of Part 2 of the Penal Code. [¶] Nothing in this section shall prohibit the filing of a claim with the board of a public entity, and this section shall not extend the time within which a claim is required to be presented pursuant to Section 911.2." We wish to emphasize that Government Code section 945.3 is entirely irrelevant to the outcome in the present case. It was not in effect at the time that the purported tolling occurred. Furthermore, although there is authority for the proposition that the Legislature has the power to "expressly revive time-barred civil common law causes of action" (*Liebig* v. *Superior Court* (1989) 209 Cal.App.3d 828, 835 [257 Cal.Rptr. 574]), as will be noted, the statute of limitations would have expired even if plaintiff was entitled to the benefit of the tolling provisions of Government Code section 945.3 before suit was filed in the present case.

the date the search warrant was served.[7] When, on the other hand, the original taking is lawful, the statute of limitations for conversion or claim and delivery does not begin to run "until the return of the property has been demanded and refused or until a repudiation of the owner's title is unequivocally brought to [her or] his attention." (*H. Russell Taylor's Fire Prevention Service, Inc.* v. *Coca Cola Bottling Corp., supra,* 99 Cal.App.3d at p. 725; *Reed* v. *Molony* (1940) 38 Cal.App.2d 405, 411 [101 P.2d 175].) ▊ As explained in *Niiya* v. *Goto* (1960) 181 Cal.App.2d 682, 688 [5 Cal.Rptr. 642]: "The general rule is that the statute of limitations does not run against a bailor and owner of the property and in favor of the bailee claiming to hold adversely to the owner until such adverse claim is brought to the knowledge of the bailor. [Citation.] So long as the bailee holds in recognition of the bailor's right, the statute does not run. [Citation.] It does not commence to run until the illegal exercise of dominion over the property. [Citation.] When personal property is legally taken the statute of limitations is tolled until the owner demands and is refused possession of it. [Citation.] [¶] Where the illegal taking consists of a refusal by the party in possession to surrender the property on demand, the period of limitations commences to run at the time of the refusal. [Citations.]" In other words, if the taking is unlawful, the three-year statute of limitations commences to run at the time of the taking; if the seizure is lawful, the statute of limitations is tolled until the owner demands and is refused possession of the property.

▊ As noted previously, on several occasions in the municipal and superior court, Coy moved for return of evidence pursuant to Penal Code

[7]In the trial court, the County argued that because the complaint alleged that the initial taking was wrongful, the statute of limitations commenced to run from the date of the service of the search warrant which was October 18, 1973. No doubt, the complaint contains an explicit concession that the seizure of the property was wrongful. Such an affirmative allegation constituted a " ' "conclusive concession of the truth of a matter which has the effect of removing it from the issues." ' " (*Pinewood Investors* v. *City of Oxnard* (1982) 133 Cal.App.3d 1030, 1035 [184 Cal.Rptr. 417].) Accordingly, based on the concession that the initial seizure was unlawful, the trial court should have treated the affirmative allegation as binding on plaintiff and granted the summary judgment motion on that basis. In any event, it is the pleadings that define the issues and declarations are to respond to the issues raised by the pleadings. (*Joslin* v. *Marin Mun. Water Dist.* (1967) 67 Cal.2d 132, 148-149 [60 Cal.Rptr. 377, 429 P.2d 889]; *Hooks* v. *Southern Cal. Permanente Medical Group* (1980) 107 Cal.App.3d 435, 442 [165 Cal.Rptr. 741].) None of the evidence relied upon by plaintiff could have created a triable issue as to whether the seizure was wrongful because the complaint alleged the taking was unlawful. Evidence filed in opposition to a "defendant's motion for summary judgment may not create issues outside the pleadings, nor is it a substitute for an amendment to the pleadings. [Citation.]" (*Robinson* v. *Hewlett-Packard Corp.* (1986) 183 Cal.App.3d 1108, 1132 [228 Cal.Rptr. 591].) Accordingly, the trial court should have determined that the three year statute of limitations commenced to run at the time of the unlawful taking. However, we need not resolve this issue because the County has not raised it in its briefs. (*Tiernan* v. *Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 216, fn. 4 [188 Cal.Rptr. 115, 655 P.2d 317]; *Johnston* v. *Board of Supervisors* (1947) 31 Cal.2d 66, 70 [187 P.2d 686].)

sections 1538.5,[8] 1539,[9] and 1540.[10] Additionally, Penal Code section 1536 constitutes a nonstatutory basis for a motion for release of property seized pursuant to a search warrant (*People* v. *Icenogle* (1985) 164 Cal.App.3d 620, 623 [210 Cal.Rptr. 575]) and Penal Code section 1539, subdivision (a)(i) incorporates by reference the nonstatutory ground for moving for return of evidence when the motion is made by a defendant. In various cases, Courts of Appeal have emphasized the fashion in which Penal Code sections 1536, 1538.5, 1539, and 1540 provide an avenue for a person from whom property has been seized to secure the return of property taken pursuant to a search warrant such as occurred in the present case. (*People* v. *Superior Court* (*Chico etc. Health Center*) (1986) 187 Cal.App.3d 648, 652 [232 Cal.Rptr. 165]; *People* v. *Icenogle, supra,* 164 Cal.App.3d at p. 623; *People* v. *Superior Court [Loar]* (1972) 28 Cal.App.3d 600, 608-610 [104 Cal.Rptr. 876]; *Buker* v. *Superior Court* (1972) 25 Cal.App.3d 1085, 1088-1091 [102 Cal.Rptr. 494].) In connection with such motions, the district attorney is entitled to be present and participate. (*People* v. *Superior Court* (*Aquino*) (1988) 201 Cal.App.3d 1346, 1350-1351 [248 Cal.Rptr. 50].)

The normal format followed in connection with a motion for return of property where there is some question as to whether a person is entitled to return of the evidence was described by the Court of Appeal in *People* v. *Superior Court [Loar], supra,* 28 Cal.App.3d at pages 610-611 as follows: " 'Where the trial court is in doubt as to whether the person claiming the exhibit is entitled to it, or if there are conflicting claims to the exhibit, the court may refuse to return the exhibit. Upon such refusal the party claiming the exhibit has available to him a review by writ of mandate to determine

---

[8]Penal Code section 1538.5, subdivision (a) provided in 1973 and 1974, as it does now, in relevant part: "A defendant may move for the return of property . . . obtained as a result of a search or seizure on . . . the following grounds: . . . [¶] (2) The search or seizure with a warrant was unreasonable because (i) the warrant is insufficient on its face; (ii) the property or evidence obtained is not that described in the warrant; (iii) there was not probable cause for the issuance of the warrant; (iv) the method of execution of the warrant violated federal or state constitutional standards; (v) there was any other violation of federal or state constitutional standards."

[9]Penal Code section 1539, subdivision (a) states, as it did in 1973 and 1974, in relevant part: "If a special hearing be held in the superior court pursuant to Section 1538.5, or if the grounds on which the warrant was issued be controverted and a motion to return property be made (i) by a defendant on grounds not covered by Section 1538.5; (ii) by a defendant whose property has not been offered or will not be offered as evidence against him . . . at the time the hearing is held, the judge or magistrate must proceed to take testimony in relation thereto, and the testimony of each witness must be reduced to writing and authenticated by a shorthand reporter in the manner proscribed in Section 869."

[10]Penal Code section 1540, provides now as it did in 1973 and 1974: "If it appears that the property taken is not the same as that described in the warrant, or that there is no probable cause for believing the existence of the grounds on which the warrant was issued, the magistrate must cause it to be restored to the person from whom it was taken."

whether the court was justified in refusing to return the exhibit to him. [Citations.] In the alternative he may institute a civil action for recovery of his property by a civil action in conversion. [Citation.]' " (See *Minsky* v. *City of Los Angeles, supra,* 11 Cal.3d at pp. 120-122.) The resort to a civil action for conversion is what occurred in the present case.[11]

█ However, by waiting until 1985 to file suit, plaintiff exceeded the statute of limitations for conversion and claim and delivery. Evidence obtained pursuant to a search warrant is retained and held for the benefit of the court by the seizing agency subject to a court order. (Pen. Code, § 1536; *Gershenhorn* v. *Superior Court* (1964) 227 Cal.App.2d 361, 366 [38 Cal. Rptr. 576].) When the municipal or superior courts in the present case denied a motion for return of evidence, that constituted, as a matter of law, a demand by the owner and a refusal by the entity holding the property to return it.

█ One note of caution is in order. As mentioned previously, Government Code section 945.3 provides that "[a]ny applicable statute of limitations for filing and prosecuting" a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offenses for which the accused is charged is tolled "while the charges against the accused are pending before a justice, municipal, or superior court." Government Code section 945.3 was not in effect in 1973 and 1974. Accordingly, it would normally not be available to benefit plaintiff. However, this tolling statute is currently operative and, at present, a conversion and claim and delivery statute of limitations is tolled while a criminal case is pending in a trial court. Even if it were available to plaintiff, the undisputed evidence indicated that defendant was placed on probation on September 18, 1974. The statute of limitations would have run three years from that date. Once plaintiff was placed on probation, the tolling permitted by Government Code section 945.3, if such was available to plaintiff, terminated. Therefore, if Government Code section 945.3 was applicable, because the three-year statute of limitation for conversion and claim and delivery expired on September 18, 1977, the filing of the present action on November 6, 1985, was untimely and the summary judgment motion should have been granted.

VI.*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[11]We need not decide the question of whether an order denying a motion for return of property is to be accorded any res judicata or collateral estoppel effect.

*See footnote, *ante,* page 1077.

## VII. DISPOSITION

The judgment is reversed. The trial court is directed to enter a summary judgment in favor of defendant County of Los Angeles and against plaintiff. The defendant County of Los Angeles shall recover its costs on appeal from plaintiff.

Boren, J., and Grignon, J., concurred.