[No. E010267. Fourth Dist., Div. Two. July 2, 1992.]

JAIME AVELAR, Petitioner, v.
THE SUPERIOR COURT OF SAN BERNARDINO COUNTY,
Respondent;
THE PEOPLE et al., Real Parties in Interest.

**COUNSEL**

David L. McKenna, Public Defender, and David Negus, Chief Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Dennis Kottmeir, District Attorney, Joseph A. Burns, Deputy District Attorney, Filarsky & Watt and Steve A. Filarsky, for Real Parties in Interest.

**OPINION**

**DABNEY, Acting P. J.**—In this original proceeding we are asked to determine whether the Ontario Police Department, and its representative as custodian of the Department's records, may exercise a peremptory challenge

under Code of Civil Procedure section 170.6 to disqualify a judge assigned to hear a defendant's motion for disclosure of a peace officer's personal or otherwise confidential records and other information in the possession of the Department.[1] We hold that the Department has no right or standing to exercise such a challenge, and issue the writ as prayed.

Petitioner Jaime Avelar is charged with battery on a peace officer and assault with a deadly weapon on a peace officer. (Pen. Code, §§ 243, subd. (c); 245, subd. (c).) His defense will be that the officers, perhaps spurred by racial prejudice, used excessive force against him.

In conjunction with the preparation of his defense, Avelar moved for discovery of several categories of records alleged to be within the possession and control of the Department, the employer of the officers involved.[2] Some of these items fell within the purview of Evidence Code section 1043 et seq., while others did not.[3] After an in camera review of materials produced by the Department, Judge Ben T. Kayashima granted the motion for discovery in part, and denied it in part. Among other things, the court refused to require production of charges made by the officers, and also limited the disclosure concerning citizen complaints to the names, addresses, and telephone numbers of the complainants; it rejected Avelar's request for the names of any noncomplainant witnesses or the investigative reports themselves.

Avelar filed a challenge for cause against Judge Kayashima, which eventually resulted in that judge's consensual removal from the case. Avelar then

[1]Hereinafter, we use "Department" to denote either the Ontario Police Department or whatever individual may be denominated its custodian of records.

Hereinafter, "section 170.6" shall refer to that section of the Code of Civil Procedure. Other statutory references will be identified by code name and number.

[2]Anticipating the Department's objections, petitioner had a subpena duces tecum issued on the same date that the motion was filed (July 18, 1991), requiring the Department to produce the requested items for the court's inspection on the hearing date.

[3]Those sections govern discovery of "peace officer personnel records or records maintained pursuant to Section 832.5 of the Penal Code or information from those records." Penal Code section 832.5 prescribes procedures for the recording of citizen complaints against peace officers. Penal Code section 832.7, subdivisions (a) and (d), provides in part: "(a) Peace officer personnel records and records maintained by any state or local agency pursuant to Section 832.5, or information obtained from these records, are confidential and shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code. . . . (d) Nothing in this section shall affect the discovery or disclosure of information contained in a peace officer's personnel file pursuant to Section 1043 of the Evidence Code."

The original request for discovery specifically sought production of complaints of excessive force or racial prejudice against the officers involved, as well as reports concerning the investigation of such complaints. However, it also sought information not governed by the above statutes, such as information concerning charges *by* the officers of assault, battery, or resisting arrest. As to these latter items, technically the burden would have been on the Department to object after Avelar served his subpena duces tecum.

filed a supplemental declaration concerning discovery, in which he averred that he was unable to locate the complainants whose identities had been ordered to be disclosed. Although the record before this court is not entirely clear, it appears that Avelar intended to seek additional disclosures.

The matter was set for hearing before Judge J. Lewis Liesch. The Department then filed an affidavit under section 170.6, seeking to disqualify Judge Liesch. After both sides filed points and authorities on the issue of the validity of this action, Judge Philip Schaefer ruled that the disqualification was effective.

This petition by defendant Avelar followed.

## DISCUSSION

Section 170.6, subdivisions (1) and (2), bar any judicial officer from acting in "any civil or criminal action or special proceeding" if an affidavit of prejudice is filed pursuant to the statute by "[a]ny party to or any attorney appearing in any such action or proceeding . . . ." We begin, for the sake of clarity, by stating at the outset that the Department is not a "party" either to the criminal action brought by the People against petitioner Avelar, or to any separate "special proceeding" within the meaning of the statute.[4]

■ The simple part of this inquiry is the determination that the Department is not a "party" to the criminal action itself, which is defined in Penal Code section 683 as: "The proceeding by which a party charged with a public offense is accused and brought to trial and punishment . . . ." Penal Code sections 684 and 685 define the parties to a criminal action: the People and the defendant. ■ Thus, the victim of a crime is not a party. (*People v. Parriera* (1965) 237 Cal.App.2d 275, 282 [46 Cal.Rptr. 835].) Neither is the officer who arrests a defendant. (43 Ops.Cal.Att.Gen. 38 (1964), directly addressing the question of whether or not such an officer may disqualify a judge under section 170.6.) ■ We have no difficulty in concluding that the Department, whose present role in the action is no more than a public agency upon whom a subpena duces tecum was served and a respondent as to the subject discovery motion, is not a party to the criminal action, and cannot claim a party's right to exercise the peremptory challenge.

[4]The provision that "[a]ny party to or attorney appearing in" a special proceeding may file a challenge cannot be reasonably construed to give a right to an attorney who appears for other than a party. Compare Code of Civil Procedure section 170.3, subdivision (c)(1), which gives the right to file a challenge for cause only to a *party*. While an attorney may appear for an amicus curiae, for example, we are aware of no authority permitting either the attorney or the amicus curiae to exercise a challenge to the judge.

The criminal prosecution is an "action" as defined in Code of Civil Procedure, section 22.[5] As discussed above, the parties to that action are the People and the defendant. However, "judicial remedies," under Code of Civil Procedure section 21, include not only "actions" but "special proceedings," which, in effect, are all remedies not classified as "actions." (Code Civ. Proc., § 23.) As the right to file a peremptory challenge is also given to a party to a special proceeding, we next consider whether the discovery hearings in the case at bar under Evidence Code section 1043 et seq., constituted such a proceeding.

The Department suggests that Evidence Code section 1043 et seq. specifies distinct procedures and establishes distinct rights concerning covered demands for discovery, and, therefore, in effect creates a special proceeding.

Certainly the manner for obtaining discovery under these sections is substantially different from that for obtaining documents and documentary information from other nonparties to a dispute, which is normally done by the simple service of a subpena obtained as of right. (See Code Civ. Proc., § 1985 et seq.) However, we do not think that this difference justifies recognizing the discovery procedures under those Evidence Code sections as a "special proceeding."

█ The difference between an action and a special proceeding, as defined by the statutes, is in the remedy sought. (See *Agricultural Labor Relations Bd.* v. *Superior Court* (1983) 149 Cal.App.3d 709, 714 [196 Cal.Rptr. 920].) A "special proceeding is confined to *the type of case* which was not, under the common law or equity practice, either an action at law or a suit in equity." (*Tide Water Assoc. Oil Co.* v. *Superior Court* (1955) 43 Cal.2d 815, 822 [279 P.2d 35] [italics supplied].) The phrase therefore appears to apply only to a proceeding which is distinct from, and not a mere part of, any underlying litigation.

Thus, in *Oak Grove School Dist.* v. *City Title Ins. Co.* (1963) 217 Cal.App.2d 678 [32 Cal.Rptr. 288], the court held that a challenge under section 170.6 was untimely when made in a proceeding to tax costs following the abandonment of an eminent domain proceeding, where the challenged judge had presided over the preceding litigation. Although agreeing that the costs dispute involved a "special proceeding," the court ruled that as it was *incidental* to the original action, it was not separate for the purpose of permitting a new challenge to be raised to the judge. (217 Cal.App.2d at p. 700.)

---

[5]"An action is an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense."

It is true that, as noted above, the court in *Oak Grove* used language which might suggest that the costs dispute was a "special proceeding" within the meaning of Code of Civil Procedure section 23. (217 Cal.App.2d at pp. 710-711.) However, we think the court's remarks in discussing the availability of the peremptory challenge correctly recognize the difference between that form of "special proceeding" which is paired with "action," and the usage which loosely refers to any discrete procedure, directed to a limited end, which takes place within a primary litigation and which is merely an ancillary or component part of that litigation as a whole. "The phrase 'special proceeding' is used in the code practice in contradistinction to 'action.' That phrase has no reference to provisional remedies in actions at law or in equity. It has reference only to such proceedings as may be commenced independently of a pending action by petition or motion upon notice in order to obtain special relief." (*In re Sutter-Butte By-Pass Assessment* (1923) 190 Cal. 532, 537 [213 P. 974].) The phrase cannot be defined to include every procedural step or mechanism employed within the context of pending litigation.[6] By describing a "special proceeding" as any remedy not available in an "action," the Legislature must have meant to create and recognize two roughly equivalent levels of independent procedures to be directed towards the attainment of different, but similarly final remedies.

 We turn to the Department's point that title 12 of part 2 of the Penal Code (title 12) is entitled "Special Proceedings of a Criminal Nature" (Pen. Code, § 1473 et seq.), and includes not only procedures for obtaining writs of habeas corpus, but also the procedures governing the issuance and challenge of search warrants, extradition, and, significant to our purpose, for the disclosure to law enforcement agencies of privileged medical records. (Pen. Code, §§ 1543-1545.)

To begin with, we do not believe that the title compels us to conclude that all of the procedures governed by title 12 would necessarily be classified as "special proceedings" in the sense used to distinguish such matters from "actions" as several can clearly be mere component parts of a primary action. For example, if no criminal action is pending, an owner's motion under Penal Code sections 1539-1540 for the return of property seized under a warrant would be properly classed as a "special proceeding." (See *People v. Superior Court (Aquino)* (1988) 201 Cal.App.3d 1346, 1349-1350 [248 Cal.Rptr. 50].) However, if a criminal prosecution is pending, a defendant could not exercise two separate peremptory challenges, one at a motion to suppress under Penal Code section 1538.5, and another at the trial itself.

---

[6]To hold otherwise in the typical case, such as *Oak Grove*, would permit a party to make multiple peremptory judicial challenges in a single action. It cannot be argued that the Legislature intended such a result.

(See *Le Louis* v. *Superior Court* (1989) 209 Cal.App.3d 669, 676-679 [257 Cal.Rptr. 458], in which the court, using an analysis similar to that which we employed above, concluded that a preliminary hearing is a part of the criminal action, and not a "special proceeding" giving rise to a separate right under section 170.6.)

In our view, title 12 merely sets forth the manner in which certain issues may be put in issue, and does not definitively establish the nature of court proceedings dealing with those issues in the terms of judicial remedies. Thus, as noted above, a request for the return of property or right to discover certain documentation may be a special proceeding, but it may also take place as an integral part of a pending action; in the latter case, it is not itself a "special proceeding."[7]

 Under our construction of the phrase, the hearing in question in this case was not a "special proceeding." We leave for other courts the task of sorting out rights in other contexts; we resolve the issue only regarding a person or entity from whom discovery or documentation is sought under Evidence Code section 1043 et seq., by balancing and evaluating the interests involved. We focus specifically on the interests of the Department, the defendant and the court.

It is apparent that a nonparty witness under subpena has no right to exercise a peremptory challenge under section 170.6, and this principle must apply as well to the Department as a respondent to a motion under Evidence Code sections 1043 et seq. Any interest of a nonparty witness in concealing information—including, perhaps a fortiori, that of a mere custodian of records—is not of the same weight as that of a party risking life, liberty, or property in an action or special proceeding, and does not require the same protections.[8] We are further influenced by the fact that if we extended the right to the Department here, no logical grounds would exist for denying it to

---

[7]For other situations in which a demand for information may arise independently of a separate, substantive lawsuit, see Code of Civil Procedure section 2035, which deals with the perpetuation of a witness's testimony when no action is pending, and Government Code section 6250 et seq., which establish what is clearly a "special proceeding." (See *Northern Cal. Police Practices Project* v. *Craig* (1979) 90 Cal.App.3d 116, 122 [153 Cal.Rptr. 173].)

[8]To the extent that real party relies on *Oksner* v. *Superior Court* (1964) 229 Cal.App.2d 672 [40 Cal.Rptr. 621] for the proposition that a nonparty in possession of demanded documents or evidence has a right to disqualify the judge under section 170.6, we consider such reliance misplaced. Ruling in a case involving three related, but separate, actions and unique procedural confusion, the court based its holding voiding a contempt order primarily on the fact that the lower court had no substantive power to make the order which was disobeyed by the contemnor.

It is true that, in discussing the disqualification effort, the court in *Oksner* commented that the only apparent reason for which the lower court could have rejected it was untimeliness. (229 Cal.App.2d at p. 687.) However, it does not appear that the issue of petitioner's right was ever discussed or disputed by the litigants on appeal; in any event, the peculiar facts of that

*any* nonparty witness; the potential for chaos, especially at the actual trial, may be imagined and speaks strongly for the correctness of our holding.

The People suggest that if we hold that the Department, as a nonparty in the criminal action but as a party to a special proceeding, possesses a right under section 170.6, we should further hold that this right is separate from and in addition to that possessed by the People. While this position has considerable equitable appeal, it also invites potential collusion and abuse. We think it not farfetched to imagine a situation in which the interests of a party and one or more nonlitigant witnesses in a position such as that of the Department would be so closely aligned that there would be a real danger of cooperation to disqualify as many "undesirable" judges as possible.

The People do also suggest that any disqualification by the nonlitigant witness should be limited to the "special proceeding," which would limit such an abuse; however, the possibility of disruption of the criminal proceedings would remain. Furthermore, this option would not, as a practical matter, be available at trial if any nonparty witness subject to subpena were considered a "party" to a "special proceeding" concerning his testimony; as we noted above, there is no logical reason to distinguish in this respect between the custodian of records here and any other witness.

We recognize that a subpena *requires* the attendance of the prospective witness before the court at the time and place specified. (Pen. Code, § 1326.)

---

case, and the nature of the order involved, prevent the holding from providing substantial support for real party.

In that case, the contemnor, an attorney, represented a savings and loan association which *was* a party to two of the three actions by which the original plaintiff sought to collect a debt from the original defendant. The order for production of the debtor's assets in possession of the savings and loan which the attorney disobeyed had originally been granted ex parte on plaintiff's request in the *other* action, and at the time the contempt finding was made, the savings and loan had filed a motion to vacate that order. The appellate court found, however, that this order (as confirmed at the hearing) was a void attempt to obtain property of a debtor in the hands of a third party; further complicating the issue was that an injunction against the savings and loan with respect to the property was currently set for hearing in the third action, and that the savings and loan association had already validly disqualified the same judge in the two proceedings to which it was concededly a party.

In *Oksner*, the order which the savings and loan association attempted to challenge by seeking to have the ex parte order vacated in the first action, acted as an effective restraint on its use of property in its possession and as to which it had a colorable claim. The plaintiff was not merely seeking information; rather, as the opinion makes clear, he sought to obtain a note and deed of trust to prevent the savings and loan association from conducting a foreclosure sale. Thus, the interests attacked by the order in question were substantial and protected by due process, including the right of disqualification.

Failure to appear is punishable as a contempt.[9] (Pen. Code § 1331.) Furthermore, the witness becomes subject to an order of contempt if he disobeys any subsequent order of the court, and may at any time be faced with an unpalatable choice between obeying a burdensome, prejudicial, or otherwise improper order, and suffering the consequences of contempt.

The Department, like a hospital (see Pen. Code, §§ 1543-1544) or the custodian of protected consumer records (see Code Civ. Proc., § 1985.3), does have a unique interest and obligation in protecting the privacy of the person to whom the records and information relate. However, this interest is in fact no greater than the individual would have in resisting disclosure if the same factual information were sought from him or her personally; the purpose of the statutes covering the three situations noted above, appears to be to ensure that the actual subject obtains notice of the intended invasion of his or her privacy and is given the opportunity to oppose it. Thus, unless the subject of the information has a right to disqualify the judge under section 170.6, in our view the custodian of records has no more compelling claim. We are not aware of any authority holding that the person whose records are involved has such a right.

As we noted above, it can be argued that where the Legislature prescribes specific procedures by which the disclosure of information may be compelled—procedures which are more onerous and complex than those routinely involved in discovery—it should be assumed that the Legislature has found the information in question deserving of special protection. We recognize that the statutory scheme with respect to police officer personnel records does reflect a legislative desire to deter harassing and unjustified efforts to obtain personally private and confidential information contained in those records. However, with all due respect to law enforcement personnel, we are unwilling to conclude that their interests in privacy are necessarily of greater legal significance than that of other individuals asked to reveal intimate information, or information as to which a legal privilege may be claimed.

In summary, we hold that a proceeding for disclosure of certain records and information under Evidence Code section 1043 (and, a fortiori, a defendant's effort to compel compliance by a law enforcement agency with

---

[9]We note that one who is not a party to pending litigation, but is cited for contempt, is authorized to file a challenge under section 170.6. (See *Bridges* v. *Superior Court* (1939) 14 Cal.2d 464, 473 [94 P.2d 983] [revd. on other grounds in *Bridges* v. *California* (1941) 314 U.S. 252, 275-278 [86 L.Ed. 192, 210-211, 62 S.Ct. 190]; see also *Bulcke* v. *Superior Court* (1939) 14 Cal.2d 510 [94 P.2d 1006].) However, a contempt hearing brought under the Code of Civil Procedure has expressly been held to be a "special proceeding," while a criminal contempt charge is, of course, prosecuted by way of a criminal action. (*Bridges*, *supra*, at pp. 473-477.) The contemnor is thus clearly a "party" to a separate action or proceeding, and his recognized right under section 170.6 is not relevant to our consideration.

a subpena duces tecum which includes such records), considered in the context of a pending action, is not a "special proceeding" within the meaning of section 170.6. The nonparty entity resisting disclosure of the requested information or instituting proceedings under Evidence Code section 1043 et seq., has no right to exercise a peremptory challenge pursuant to section 170.6.

Let a peremptory writ of mandate issue, directing the superior court to vacate its order recognizing the peremptory challenge filed by the Department under section 170.6 and to enter a new order rejecting said challenge. The alternative writ, having served its purpose, is dissolved.

Hollenhorst, J., and Timlin, J., concurred.