Filed 2/6/25  Vinkov v. Brotherhood Mutual Ins. Co. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| SERGEI VINKOV, | |
| Plaintiff and Appellant, | E082818 |
| v. | (Super.Ct.No. CVSW2307608) |
| BROTHERHOOD MUTUAL INSURANCE COMPANY, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Raquel A. Marquez, Judge.  Affirmed.

Sergei Vinkov, in pro. per., for Plaintiff and Appellant.

Brockman Quayle Bennett and Rachel B. Kushner for Defendant and Respondent.

In 2021, the United States District Court, Central District of California (the federal court), concluded that defendant and respondent Brotherhood Mutual Insurance Company (Brotherhood) did not have a duty to defend plaintiff and appellant Sergei

1

Vinkov (Vinkov) in a libel lawsuit brought by Solar Forward Electric, Inc. (Solar Forward) because Vinkov was not covered under the relevant insurance policy.

In 2023, in the Superior Court of California, County of Riverside (the trial court), Vinkov sought to compel arbitration against Brotherhood, under the same insurance policy, for the purpose of arbitrating Brotherhood's alleged duty to defend Vinkov in the same libel lawsuit brought by Solar Forward. The trial court found Vinkov was precluded from seeking to compel arbitration due to the federal court's ruling on the same issue. Vinkov contends the trial court erred. We affirm.[1]

**FACTS**

A.    <u>BACKGROUND</u>

The following quote is taken from the ruling by the federal court: "[Vinkov] was a volunteer member of the Church Council for the Trinity Lutheran Church of Hemet. [Citation.] The church has a general liability policy through [Brotherhood] that, under certain circumstances, covers the actions of church employees and volunteers. [Citation.] In 2018, a company called Solar Forward installed solar panels at the church. [Citation.] Dissatisfied with the purported lack of savings in the church's energy bills promised by Solar Forward, [Vinkov] began investigating the church's energy usage. [Citation.] After Solar Forward was not sufficiently responsive to [Vinkov's] inquiries, [Vinkov] began posting critical reviews of Solar Forward on social

---

[1] Vinkov requests this court take judicial notice of dictionary excerpts and the insurance policy. We deny both requests because the documents are not relevant to issue preclusion. (*Ross v. Seyfarth Shaw LLP* (2023) 96 Cal.App.5th 722, 745.)

2

media.  [Citation.]  In particular, [Vinkov] posted a one-star review on the website Yelp.com, stating Solar Forward's products caused the church's energy bills to increase.  [Citation.]

"After [Vinkov] refused to remove the posts, Solar Forward sued [Vinkov] in state court for libel, slander, and trade libel.  [Citation.]  [Vinkov] tendered his defense in the state-court action to [Brotherhood] based on his membership on the Church Council.  [Citation.]  [Brotherhood] initially provided [Vinkov] with a defense but withdrew it after it concluded no coverage existed.  [Citation.]  [Brotherhood] reinstated its defense under a reservation of rights after the California Department of Insurance asked [Brotherhood] to review its coverage determination. [Citation.]  [Brotherhood] sued in [the federal court], seeking (1) a declaratory judgment that it has no duty to defend, (2) a declaratory judgment that it has no duty to indemnify, and (3) recovery of its fees and costs in the underlying action.  [Citation.]  [Vinkov] brought a series of counterclaims, of which only claims for bad faith and prompt payment remain[ed].  [Citation.]"

In ruling on Brotherhood's motion for summary judgment, the federal court noted that Brotherhood was required to defend church volunteers when their activities related " 'to any leadership activity undertaken on [the church's] behalf.'  [Citations.] 'Leadership activity' is . . . defined by the policy to mean 'the decision making acts of [the church's] leaders regarding the operation of [the church].' "  The federal court determined that none of the church's leaders "authorize[d] [Vinkov] to make social

3

media posts on behalf of the church and [Vinkov's] duties . . . did not relate to 'the Church's contracts and relationships with third party contractors.' "

The federal court granted Brotherhood's motion for summary judgment, concluding Brotherhood had no duty to defend or indemnify Vinkov in the libel case brought by Solar Forward. The federal court also granted summary judgment in favor of Brotherhood on Vinkov's counterclaims: Because Brotherhood did not have a duty to defend Vinkov, Brotherhood could not have breached a duty to defend Vinkov, thus causing Vinkov's counterclaims to fail. The federal court's judgment was filed on August 10, 2021. Vinkov appealed to the Ninth Circuit Court of Appeals and petitioned for review in the United States Supreme Court, but did not prevail in either.

B.     CURRENT CASE

On September 19, 2023, in the trial court, Vinkov filed a petition to compel arbitration against Brotherhood. Vinkov asserted, "A dispute has arisen between the parties to the said written agreement regarding [a] duty to defend, reimbursements [of] the costs of litigation to support [Brotherhood's] legal battle. This Court has not entered any final judgment proving the liability of the alleged claims within Case MCC1900188." Riverside County Superior Court case No. MCC1900188 is the libel case against Vinkov brought by Solar Forward. Vinkov attached a copy of Brotherhood's policy information for the church, which included an arbitration clause requiring "[a]ny dispute between us and any covered person regarding the existence or application of coverage under the terms of this endorsement . . . be submitted to the American Arbitration Association."

4

Brotherhood asserted the arbitration issue was res judicata because the federal court had already determined that Vinkov's acts of posting on social media are not covered by the church's insurance policy, which means Vinkov could not invoke the arbitration clause within the policy. Brotherhood contended that if Vinkov wanted to pursue arbitration, then he would have to seek revocation of the judgment in the federal court.

In its ruling, the trial court set forth the law regarding issue preclusion and concluded that Vinkov was precluded from seeking to compel arbitration under the insurance policy because the federal court had already ruled that Vinkov's act of posting online was not covered by the insurance policy.

## DISCUSSION

A.    ISSUE PRECLUSION

Vinkov contends the trial court erred by denying his petition to compel arbitration. Issue preclusion "prevents 'relitigation of previously decided issues' . . . . It applies only '(1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit.' " (*Samara v. Matar* (2018) 5 Cal.5th 322, 327.)

First, the federal court's entry of judgment was a final adjudication. (*Lumpkin v. Jordan* (1996) 49 Cal.App.4th 1223, 1230.) " 'A federal judgment "has the same effect in the courts of this state as it would have in a federal court." ' " (*Ibid.*)

Second, the issue in the federal court was whether Brotherhood had a duty to defend Vinkov against Solar Forward's libel claims. In order to resolve that issue, the federal court had to determine if Vinkov was covered by the church's insurance policy. In the instant case, Vinkov is seeking to compel arbitration under the church's insurance policy. If a court were to address the merits of that issue, the court would again have to determine if Vinkov is covered by the church's insurance policy such that he can invoke the arbitration clause. The issue in both cases is identical because they both turn on whether Vinkov's actions were covered by the church's insurance policy.

Vinkov contends, "The federal court ruling does not reveal that a breach of duty-to-arbitrate has been adjudicated." The federal court concluded that Vinkov's actions are not covered by the church's insurance policy. That decision means Vinkov cannot use the insurance policy's arbitration provision to compel arbitration related to the same actions.

Vinkov contends the issue before the federal court was not identical because it pertained to the original complaint filed by Solar Forward, rather than the first amended complaint. Vinkov does not explain what substantive differences, if any, exist between the original and amended complaints that might have caused a different result in the issue preclusion ruling, and we do not see a copy of the original and amended complaints in the record.

Third, the issue was actually litigated because it was decided on the merits by the federal court via a motion for summary judgment. (*Barker v. Hull* (1987) 191

6

Cal.App.3d 221, 226 [ "actually litigated" includes summary judgment].)  Fourth, Vinkov and Brotherhood were the parties in the federal court and the trial court. In sum, all the criteria for issue preclusion have been satisfied.  The trial court properly denied Vinkov's petition to compel arbitration because the federal court had already determined that Vinkov's actions are not covered by the church's insurance policy, which means he cannot invoke the arbitration clause in the church's insurance policy.

### B.     LACK OF OPPOSITION

#### 1.     *PROCEDURAL HISTORY*

Brotherhood missed the deadline to file an opposition to the petition to compel arbitration.  Brotherhood sought relief via an ex parte application.  The trial court requested supplemental points and authorities on the issue of its jurisdiction over the petition to compel arbitration.  In Brotherhood's supplemental memo, it set forth its opposition to the petition to compel arbitration, i.e., it argued issue preclusion.  On November 3, 2023, during the hearing on the petition, Brotherhood requested to give the trial court a copy of the federal court's judgment, and the trial court authorized Brotherhood to file it.  In a single written ruling,  the trial court denied Vinkov's petition and concluded that Brotherhood's ex parte application was moot.

#### 2.     *ANALYSIS*

Vinkov contends the trial court erred by not granting his petition because it was unopposed.  Vinkov's petition was opposed because Brotherhood presented its arguments in the supplemental memo, during the hearing on the petition, and by filing the federal court's judgment in the trial court.

7

Vinkov contends the trial court erred by converting the hearing on Brotherhood's ex parte application into a hearing on Vinkov's petition to compel arbitration. Vinkov is mistaken. The November 3, 2023, hearing was set as a combined hearing on (1) Brotherhood's ex parte application, and (2) Vinkov's petition to compel arbitration.

Vinkov contends the trial court erred by permitting Brotherhood to file the federal court's judgment at the hearing on the petition to compel arbitration. After permitting Brotherhood to file the judgment, the trial court repeatedly asked Vinkov if he wanted to file a two- or three-page memo arguing that the issue of arbitration fell outside of the federal court's judgment. After the trial court's repeated questions, Vinkov said, "I believe any additional briefing will only untimely delay submission of this case to [the] appellate court." The trial court did not err because it gave Vinkov notice and the opportunity to respond to the evidence submitted by Brotherhood. (*Weiss v. Chevron, U.S.A., Inc.* (1988) 204 Cal.App.3d 1094, 1098-1099 ["the court should consider all admissible evidence of which the opposing party has had notice and the opportunity to respond"].)

C.     "JURISDICTIONAL BARS"

1.     *ELEVENTH AMENDMENT*

Vinkov contends that Brotherhood "fraudulently obtained relief barred by the Eleventh Amendment. States have police power over insurance business[es], which the federal government is barred from revoking under the federal Constitution."

The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." (U.S. Const., 11th Amend.) "[T]he Eleventh Amendment acknowledges and preserves, as against federal judicial intrusion, the states' historic sovereign immunity rooted in the common law." (*Pierce v. San Matro County Sheriff's Dept.* (2014) 232 Cal.App.4th 995, 1012.)

Vinkov's and Brotherhood's cases do not involve a violation of a state's immunity because a state is not a party in either case. Accordingly, there has not been a violation of the 11th Amendment.

2. *47 U.S.C.A. SECTION 230*

Vinkov contends "47 U.S.C. § 230 operates as a jurisdictional bar." That law provides, in part, "No provider or user of an interactive computer service shall be held liable on account of—[¶] any action voluntarily taken in good faith to restrict access to or availability of material that the provider or user considers to be obscene, lewd, lascivious, filthy, excessively violent, harassing, or otherwise objectionable, whether or not such material is constitutionally protected." (47 U.S.C.A. § 230(c)(A).)

The lawsuits between Vinkov and Brotherhood concern whether Vinkov's actions are covered by the church's insurance policy. Laws related to restricting access to lewd online material are not relevant to that issue.

9

### 3. *42 U.S.C.A. SECTION 14503*

Vinkov asserts 42 U.S.C.A. § 14503 "operates as a jurisdictional bar for [Brotherhood's] claim because [Vinkov] was a volunteer director and was engaged in . . . protected speech." That law provides, in part, "[N]o volunteer of a nonprofit organization . . . shall be liable for harm caused by an act . . . of the volunteer on behalf of the organization or entity if—[¶] the volunteer was acting within the scope of the volunteer's responsibilities in the nonprofit organization or governmental entity at the time of the act." (42 U.S.C.A. § 14503(a)(1).)

Brotherhood's lawsuit in the federal court concerned whether it was obligated to defend Vinkov in the suit brought by Solar Forward. The instant case also concerns whether Brotherhood has a duty to defend Vinkov in the suit brought by Solar Forward. Because Brotherhood has not alleged that it was harmed by Vinkov, the law giving immunity to volunteers for harm they cause is not relevant in this case.

### D. STATEMENT OF DECISION

Vinkov contends the trial court erred by not issuing a statement of decision following the November 3, 2023, hearing on the petition to compel arbitration. Vinkov is mistaken. The trial court did issue a statement of decision.

### E. *JUDICIAL AND ATTORNEY ETHICS*

Vinkov asserts that (1) the trial court violated judicial ethics by acting with bias in favor of Brotherhood, and (2) Brotherhood's counsel violated attorney ethics by misleading the trial court. We have reviewed the record and do not see any indication of ethical violations by the trial court or Brotherhood's counsel.

10

## DISPOSITION

The order denying the petition to compel arbitration is affirmed.  Brotherhood is awarded its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

RAMIREZ
P. J.

RAPHAEL
J.